Opiniou op the Court.
THIS was an action for a libel. Three counts are laid -in the declaration. The first charges the defendant, in the usual form, with having “ composed and published, of and concerning the plaintiff, a libel, conlaui- *388 ing, among other things, the following false, dcfamaioty anc^ libellous matter,” and then sets it forth. The other two counts allege the libel in the same manner, and charge the defendant with publishing it, but not with composing it. Not guilty, was pleaded; and on the trial the plaintiff produced a paper containing the matter which is alleged in the declaration to be contained in the libel charged, and proved by several witnesses, that the defendant had published, by reading, by distributing, and by singing, at home and abroad, and in public company, several libels, containing the same matter with that produced; and by one witness, that he burnt the One published and givento him by the defendant, which contained the same matter with that produced; but the plaintiff proved by no witness, that the particular paper produced had been published by the defendant. The counsel for the defendant moved the court to instruct the jury, that unless they believed, from the evidence, that the identical paper produced, had been published by the defendant, they must find for the defendant, upon those counts that went for the publication; but-the court overruled the motion, and instructed the jury, that if they believed, from the evidence, that the defendant had published, in writing or print, the matter contained in the libel produced, or any part of it which would be actionable, although they might not believe that he had published that particular paper, it was sufficient proof of publication of the libel; to which the defendant, by his counsel, excepted.
A declaration for a libel, heidsufficient
The jury, by their verdict, found the defendant guilty of publishing the libel, as in the declaration charged, and assessed the plaintiff’s damages by reason there oí', to $1,000; and they found the defendant not guilty of composing and writing the same, as charged in the declaration. The court rendered a judgment for the plai- tiff, for the damages assessed by the jury, and the defendant has appealed to this court.
The errors assigned, question, 1st, the sufficiency of the declaration; 2dly, the propriety of the decision of the court on the motion of the defendant to instruct the jury; and 3dly, the sufficiency of the verdict.
Í* ^ie sufficiency of the declaration does not admit of a reasonable doubt. There being no specific objection pointed out, and perceiving none to which we ap *389 prebend it is justly liable, we cannot think it necessary to recite the declaration at large, forth e purpose of answering every imaginable objection. Suffice it to say, that it is in the usual form, and. pursues the most modern and approved precedents; and the matter contained in the libel, as charged in the declaration, is indisputably actionable.
Where the declarations does not purport ta set it ]¡bci O’orres-ponding with (\UCed on the trial, if the £he evidence thatthede-fendant pub partoftSeli-bellous matter contained ^ey^níísf6*'’ find for the plaintff.
2. The propriety of the decision of the circuit court, on the motion to instruct the jury, is not so clear; but we are inclined to think the decision was correct. The refusal of the court to give the instruction asked by the defendant,. we have no doubt was justified by the state of the-evidence bpfore the jury. The declaration does not allege that the identical paper produced in evidence was published by the defendant; but that a libel, containing, among other things, the libellous matter set forth, was published by him. To maintain the issue, therefore, on the part of the plaintiff, it was only neces--sary for him to prove that the defendant had published a libel containing the libellous matter s'et forth; and to do this, it was sufficient to prove that any paper containing the libellous matter set forth, had been published by the defendant, without being obliged to shotv ihat he had published the one produced by the plaintiff, or any other definite or specific one. It was undoubtedly incumbent upon the plaintiff to produce some paper published by tbe defendant, containing the libellous matter set forth, or account for its nonproduction; but the proof is stated to be, that one paper containing the libellous matter alleged, was burnt by the witness to whom the defendant had delivered it; and thus the nonproduction of it was sufficiently accounted for, to render evidence of its contents and publication admissible. On this’ state of evidence, therefore, it would have been improper for the court to have instructed thejur) to find for the defendant, because the particular paper produced was not proved to have been published by him, and the court was consequently correct in refusing so to instruct the jury. But of the propriety of the instructions which the court then proceeded to give, there is some room to doubt. These instructions involve the question, whether the publication of a paper containing any part of tbe matter chargf ed to be contained in the libel alleged, which would be actionable, was a sufficient publication, or not. On *390 this point we have been unable to find any direct authority. It was certainly not necessary for the plaintiff to prove the publication of a libel in the exact words of that which was alleged.. This has been held necessary, where the libel alleged is averred in hcec'verba; but where the libel is alleged by its tenor,, (as in this case,) as containing the following matter, it is only necessary to prove the libel in substance. The same rule pre> vails with respect to slanderous words; and in an action-therefor, the plaintiff is required to prove the substance-of the words alleged. But if several words that are actionable, are laid in the declaration, it is held that it is-sufficient for the plaintiff to prove some of them;, without proving the rest. Compagnon and wife vs. Martin, 2 Black. Rep. 790. Reasoning, therefore; from analogy, it would seem, that proof of the publication of a libel containing part of the actionable or libellous matter charged, would be sufficient; and consequently, the instructions given by the court were correct.
3. With respect to the sufficiency of the verdict, there is no doubt. The publication of the libel, as alleged in the declaration, of which the defendant was found guilty, is all that was necessary; and whether he was guilty of writing and composing the libel, or not, is wholly immaterial.
The judgment must be affirmed with damages and costs.