CHANDLER *vs* HOLLOWAY

*As topleadings in the action of slander.*
*As to actionable words in slander.*
*As to verdict and judgment in slander.*

1. Upon general demurrer to a declaration, containing one good count, and others defective—the plaintiff is entitled to judgment, unless there be a misjoinder of actions.

2. A count in a declaration for slander, averring, that the defendant charged the plaintiff in the words following, to wit : " You," (meaning the plaintiff and others,) " are a gang of murderers—you killed Taylor, and you know it ;" held, to be sufficiently certain ; and to entitle the plaintiff to his separate action.

3. Although a declaration in slander, for words charging a felony, need not aver that one has been committed ; yet, where a plaintiff, to render his cause of action complete, avers that one (whom he is charged to have murdered,) was killed,— the manner of such killing need not be set out.

4. In an action of slander, the principle, that where words, some actionable, and others not, are alleged in a count, it is sufficient to prove those actionable ; applies to a case in which the *application* of some of the actionable words is shown, and that of the others does not appear.

5. The Common Law rule, that a general verdict upon a declaration in slander of several counts, where *one* is defective, is bad ;—is abrogated under the statute of amendments of 1824, in all cases where the declaration contains a substantial cause of action, and a material issue is tried.

6. The action of slander is maintainable separately, by one, on a charge that " they," (meaning the plaintiff and his family,) " killed Taylor."

7. Entitling a declaration as of a term subsequent to that, to which the writ is returnable, is not, in this State, a defect available in error.

4P 3

8. In the action of slander, a verdict upon the *issue* of *not guilty*—that, " the jury find the *issue*, for the plaintiff," &c., is sufficient.

This was an action of slander, in St. Clair Circuit Court. The plaintiff, William Holloway, declared against Joel Chandler, in seven counts ; to which, a general demurrer was filed, and overruled : and under the plea of *not guilty*, a verdict was entered for the plaintiff.

The counts in the declaration, set out :

*First*—That before the commitment of the several grievances, by the said defendant, after mentioned, a certain man, by the name of Taylor, had died, or been killed, in the county of St. Clair, &c.—and the defendant contriving, &c.,—falsely and maliciously spoke of and concerning the plaintiff and others, these false, scandalous, malicious, and defamatory words, following, that is to say—" *You*," (meaning plaintiff and others,) " *are a gang of murderers ; you killed Taylor, and you know it :*" meaning thereby, *that plaintiff and others had murdered James Taylor.*

*Secondly*—That defendant, further contriving, &c., —falsely and maliciously spoke and published of plaintiff these other words, that is to say, "they," (meaning the said plaintiff and others,) " are a gang of murderers—they, (meaning the plaintiff and others,) killed Taylor, and you, (meaning the plaintiff,) know it :" thereby meaning, that the said plaintiff and others had murdered James Taylor.

*Thirdly*—That the defendant further contriving, &c.—spoke of the plaintiff these other false, scandalous, malicious, and defamatory words, viz : " This

same set, (meaning plaintiff and others,) murdered Taylor, and you, (meaning plaintiff,) know it:"—meaning thereby, that the said plaintiff, in conjunction with others, murdered James Taylor.

*Fourthly*—That defendant further contriving, &c.—spoke these other words, to wit:—" This same set, (meaning plaintiff and others,) are a parcel of murderers—they killed Taylor, and you, (meaning the said citizens,) know it;" meaning thereby, that the said plaintiff and others, had associated themselves together, and murdered the said James Taylor.

*Fifthly*—That defendant further contriving, &c.—spoke of plaintiff these other words, that is to say—" They, (meaning plaintiff and his family,) killed Taylor:" meaning thereby, that the said plaintiff and his family had murdered James Taylor.

*Sixthly*—That defendant further contriving, &c.—spoke of plaintiff these other words, to wit: " He (meaning plaintiff,) killed Taylor, and you, (meaning the citizens aforesaid,) know it: meaning thereby, that the said plaintiff had killed and murdered the said James Taylor.

*Seventhly*—That defendant further contriving, &c.—spoke of plaintiff these other words, viz: " You, (meaning plaintiff,) killed Taylor:" meaning thereby, that the said plaintiff was guilty of the crime of murder. By means, &c., the plaintiff was injured, &c.

The demurrer to this declaration, having been overruled, the following entry of judgment was made, to wit:

" William Holloway *vs.* Joel Chandler, March term, 1835. Came the parties, by their attorneys, and the matters in law arising upon the defendant's demurrer

to the plaintiff's declaration being heard, and by the Court here fully understood;—it is ordered by the Court, that said demurrer be overruled; and the defendant be allowed to plead over; who having plead, *not guilty*—thereupon came a jury of good and lawful men, to wit," &c.—" who being elected, tried and sworn, the truth to speak upon the issue joined, upon their oaths do say, that they find the issue for the plaintiff; and assess his damages to the sum of three thousand dollars. It is therefore considered," &c.

The defendant, by writ of error, brought the cause here; and he assigned—

1. That the Court erred in overruling the demurrer.

2. That the verdict was general—one count in the declaration being for the slander of plaintiff and his family; which was a misjoinder.

3. That the verdict found the *issue* in favor of plaintiff, without finding defendant *guilty* of speaking the words.

4. That the declaration was entitled as of March term, 1835—the writ being returnable to March term, 1834.

5. That the declaration contained no substantial cause of action.

6. That a trial was had at the term, at which the declaration was entitled and filed.

7. That no legal judgment was entered.

*P. Parsons* and *Ellis* & *Peck*, for the plaintiff in error.

*McClung* and *S. Parsons* for the defendant.

HOPKINS, J.—The action in this case was slander. The plaintiff in error was the defendant in the action. To the declaration, which contains seven counts, he filed a demurrer; that is, according to the statute law, a general one. The judgment which is before us for review, overruled the demurrer. The cause was afterwards tried upon the general issue, and the verdict and judgment were for the plaintiff in the action. Upon a general demurrer to the whole declaration, which contains one good count, and others that are defective, the plaintiff is entitled to judgment, unless there be a misjoinder of actions.[*]

[*]1 Chitty's Pl. 379, note; 1 Wilson'sReps. 252; 1 Saund 286, note 9; 2 ib. 379; Gould'sPl. 172; 3 Cain 89, 263; 18 Johns. R. 457, 11 ib. 59; 2 Mass R. 283,

It is stated in the declaration, that before the words complained of, were uttered and published, one James Taylor had died, or been killed, in the county in which the venue in the declaration was laid.

The first count stated, that in a certain discourse, which the defendant had with the plaintiff, of and concerning the plaintiff and others, the defendant falsely and maliciously spoke and published to and concerning the plaintiff and others, the following scandalous words—" You," (meaning the plaintiff and others,) " are a gang of murderers—you killed Taylor, and you know it:" (meaning thereby that the plaintiff and others had murdered the said James Taylor.) The statement in the declaration, shows the death of Taylor, but not the mode of it. The words laid in this count, charged that some persons, or some one, had killed him ; the legal effect of which was, that whoever did the act, was guilty of a felony. As the words charged a felony, it was not

necessary to aver in the declaration that one had been committed.[*]

[*] Starkie on slander 310.

If the statement of Taylor's death had been omitted in the declaration, it would not appear from the declaration, that the plaintiff had not been charged with killing a person, who was alive. To make the plaintiff's cause of action complete, it was necessary to state the death in the declaration; but the manner of it, was immaterial. The objection which has been made to this count is, that the charge of the defendant was too uncertain and vague, to be applied to any one.

In a case in 11 *Johnson's Reports*, 59—it was decided that a count was good, which was upon the following words, uttered in a discourse with a father, of his children—" your children are thieves." One of the children brought the action, and it was determined that he and the other children were entitled to separate actions for the slander. It has been held, also, that a colloquium can give application to a charge, that "one of the servants of J. S. is a thief."

The first count in this case does not state that the names of the other persons, to whom the defendant referred in his discourse with the plaintiff, concerning himself and others, were mentioned. He might have referred to others in that conversation, without naming them, and the charge may be too uncertain as to all other persons than the plaintiff, to give any of those intended by the defendant, a right to an action. But if the application of the words to the plaintiff be certain, his right of action cannot be affected, because they cannot be applied definitely to others. To allow such an effect to the want of ap-

plication of the words to the others, would be to deny one person his right, because others who had no proof to show it, might have been intended to be injured by the same slander. The language used by the defendant in his discourse with the plaintiff, of himself and others, without naming the latter, can be as clearly applied by the colloquium to the plaintiff, as if the names of the others had been mentioned in the conversation. If their names had been expressed in the discourse, and stated in the declaration, the sufficiency of the count would not be questioned. But, as the names are not stated in the count, the legal presumption is, that they were not mentioned by the defendant, and that the defendant in his discourse with the plaintiff of himself and other persons referred to, whoever else he intended by the term "others." If a charge clearly made against the plaintiff, by the discourse with him of himself, could be rendered too general for the foundation of an action in his favor, by the addition of such a reference as the defendant made to others, reputation would be without any legal protection, and slander might be uttered with impunity.    Although the words, "you are a gang of murderers," cannot be applied to the plaintiff without the aid of the discourse, which the defendant had with the plaintiff of himself and others, yet the subsequent words, "you killed Taylor, and you know it," is a distinct charge, and actionable. This charge is applied to the plaintiff by so much of the discourse as applied to himself, without the aid of the reference in the discourse to others.*         * Starkie

The principle is settled, that where all the words, on slander some actionable, and others not, are alleged in a count, 50, 68.

it is sufficient to prove those, which are actionable.[*] We think this principle applies to a case, in which the application of some of the actionable words is shown, and that of others does not appear. In both aspects, in which we have viewed the first count, we are of opinion it is sufficient.

We shall not enquire of the sufficiency of either of the other counts; because it is unnecessary to do so. The rule of the Common Law, that if there be a general verdict upon a declaration containing several counts, one of which is defective, the judgment may be arrested or reversed, has been changed by a statute, the effect of which is to prevent the arrest or reversal of a judgment in any case, in which the declaration contains a substantial cause of action, and a material issue has been tried.[†]

A material issue has been tried in this case. As all the counts compose but one declaration, and the first, in this, being sufficient, it follows, that the declaration contains a substantial cause of action.

The next objection to the declaration, which we shall notice, is, that the fifth count is for a cause of action, to which the plaintiff and his family are equally entitled; and, therefore, there is a misjoinder of the cause of action in this count, with the causes of action in the others, to which the plaintiff is exclusively entitled. The statement in this count is, that the defendant said of the plaintiff and his family, "they," (meaning the plaintiff and his family,) "killed Taylor." The case in 11 *Johnson's Reports*, 59, shows, that such a charge embraces the plaintiff and each member of his family, and that each per-

[*] 1 Salk. 661; 6 Binney 121.

[†] Aik. Dig. 266;'1 Stewart, 384; 1 Hen. & Munf. 365

son of his family, who is capable of maintaining an action, is entitled to one for the slander.

The next objection was made to the title of the term in the declaration, which is of a term subsequent to that, to which the writ was returnable. This mistake is amendable, and the case will be considered here as if the amendment that might have been made, had been. It was a defect, of which advantage could be taken by a special demurrer only; and no demurrer has, by the statute law of the State, any other effect than a general demurrer.[*]

If the declaration showed that the cause of action arose after the commencement of the suit, the defect would be fatal upon demurrer, and the verdict would not cure it. But, as no time was stated in the declaration, when the cause of action arose, a reference to the writ shows, that it was for the same cause of action, described in the endorsement on the writ, and, therefore, was the cause of action upon which the writ was sued out. By the aid of the reference it is amendable, and as a special demurrer is not allowed, no advantage could have been taken of the omission.[†] Upon a writ of error, the court will intend after the verdict, that the cause of action was proved, upon the trial by the jury, to have arisen before the commencement of the action. The intendment which cures this omission in the declaration, is founded on the Common Law, and the effect of the doctrine is independent of that of the statutes of *jeofails*, in aiding defects in pleading.[‡]

The last objection was made to the verdict, which was upon the issue, whether the defendant was

[*] 1 Ald. Rep. 2; 3 Term, 624.

[†] 10 Johns. Rep. 219.

[‡] 1 Chitty's P. 712, 714.

4P      4

guilty, or not. The issue was found for the plaintiff, and the effect of the verdict is, that the defendant was guilty; and so this Court determined in the case of *Peters* vs. *Johnson and Connally.*[*]

The doctrine relied upon to show the insufficiency of the verdict, is in 5 *Bacon's Abridgment*, 312—and requires the verdict in an action of trover, to find the defendant guilty. In support of the doctrine, the author of the work, cited 2 *Mod.* 244, and 10 *Rep.* 57. In the first cause it was determined, that although proof of a demand and refusal, is sufficient evidence for a jury to find a defendant guilty of the conversion alleged in a declaration; yet, should a jury not find a defendant guilty of the conversion upon such evidence, but return a special verdict, stating the demand of the plaintiff, and the refusal of the defendant, the verdict would be defective in substance, because it would find evidence, the effect of which, should have been determined by the jury.

The verdict in the case in 10 *Rep.* was held to be insufficient on the same principle. The verdict, in this case, can stand, without denying the authority of those cases.

We are all of opinion there is no error in the record.

Let the judgment be affirmed.

*Ala. Rep. 100.