## ALFRED J. KENT *vs.* JOHN H. BONGARTZ *et als.*

Certain citizens presented to the town council of their town a request that K. might be removed from his office of constable, because: "*firstly*, said K. is a man utterly devoid of principle, and uses his office more for the purpose of wreaking his personal spite than for the peace and harmony of the community; *secondly*, said K. is wholly ignorant of the duties of his office; *thirdly*, said K. has at various times heretofore maliciously and wickedly assaulted and arrested sundry persons who were entirely innocent of the charges charged by him against them:" whereupon K. brought an action for libel against the citizens, and at the trial introduced evidence to show that the statements of the request were false.

*Held*, that the action could not be maintained without affirmative proof, which was not produced, of express malice.

*Held*, further, that proof of the mere falsity of the statements would not support the action.

*Held*, further, that the statements were not such as, if proved untrue, to imply actual malice.

EXCEPTIONS to the Court of Common Pleas.

*June* 26, 1885.  DURFEE, C. J.  This is an action on the case for libel.  The plaintiff is a citizen of the town of East Providence, and was, when the alleged libel was published, a police officer or constable of the town.  The alleged libel is a petition which purports to be signed by the defendants as citizens of East Providence, and which is addressed to the town council, the body having power to appoint and remove the town constables.  It asks the town council to remove the plaintiff from his office for the following reasons, which are set forth in the petition, and which the plaintiff complains of as false and defamatory, to wit: "Reasons: *Firstly*; That said Kent is a man utterly devoid of principle, and uses his office more for the purpose of wreaking his personal spite than for the peace and harmony of the community: *Secondly*; That Kent aforesaid is wholly ignorant of the duties of his office: *Thirdly*; That said Kent has at various times heretofore maliciously and wickedly assaulted and arrested sundry persons who were entirely innocent of the charges charged by him against them."

At the trial the plaintiff introduced testimony tending to prov

that the petition was signed by some of the defendants, that it was published by presentation to the town council, and that the "reasons" were false. It is not claimed that there was any testimony other than that afforded by the charges contained in the "reasons," and the proof of their falsity, to show any actual or express malice toward the plaintiff on the part of the defendants. At the conclusion of the plaintiff's testimony, the defendants moved for a nonsuit, on the ground that the petition was a privileged communication, and that the plaintiff could not maintain his action thereon without proof of express malice. The court granted the motion, and the plaintiff excepted.

The plaintiff admits that the petition is of the class of communications which are conditionally, not absolutely, privileged, and consequently that the burden was on him to show by affirmative evidence that it was malicious. He contends, however, that the question of malice is a question of fact for the jury, and that, if the case had been left to the jury, there was evidence from which they might have found express malice, namely, the grossness of the charges and the testimony to their falsity. The question, then, is whether the charges themselves are of such a character that actual malice can be inferred from them simply on proof of their falsity. It is well settled that falsity alone is not enough. The author or authors of the communication may make it, and press it upon the attention of others, honestly believing it to be true, and acting from the purest and highest motives, when in fact it is false, and therefore actual malice is not to be inferred from mere falsity. *Somerville* v. *Hawkins*, 10 C. B. 583; *Harris* v. *Thompson*, 13 C. B. 333; *Hart* v. *Gumpach*, L. R. 4 P. C. 439; *Laughton* v. *The Bishop of Sodor and Man*, L. R. 4 P. C. 495; *Lewis & Herrick* v. *Chapman*, 16 N. Y. 369; *Fowles* v. *Bowen*, 30 N. Y. 20; *Ormsby* v. *Douglass*, 37 N. Y. 477; *Shurtleff* v. *Stevens*, 51 Vt. 501; *Brow* v. *Hathaway*, 13 Allen, 239. The question, then, is, do the charges in the petition bear upon their face the *indicia* of actual malice? In *Laughton* v. *The Bishop of Sodor and Man, supra*, the court say that "undoubtedly a privileged communication may be couched in language so much too violent for the occasion as to afford in itself evidence of malice, whereby the privilege is forfeited." The court added,

however, that it will not do to hold that "all excess beyond the exigency of the occasion is evidence of malice," and held that, though there were some expressions used beyond what was necessary, they did not warrant any inference of express malice. In *Hart* v. *Gumpach, supra,* the same court used the following language: "It is no doubt true that malice may in some cases be inferred from the defamatory statements themselves; but where representations, if *bonâ fide,* are privileged by the occasion, the mere circumstance that they are defamatory does not furnish that proof: it must be shown, either from the nature of the language employed or by extrinsic evidence, that they were prompted by bad feeling or wrong motives, and it is not sufficient in such cases that the representations are consistent with the existence of malice; they must be inconsistent with *bona fides* and honesty of purpose." The language accords with the decision in *Somerville* v. *Hawkins, supra,* that actual malice cannot be inferred from conduct which is as consistent with *bona fides* as with malice. The maintenance of the privilege is regarded as important not only to the parties immediately protected by it, but also to the public at large. In *Brow* v. *Hathaway,* 13 Allen, 239, 242, the court say that the mere fact that the statements made are intemperate or excessive from over-excitement will not defeat it. See, also, *Wright* v. *Woodgate,* 2 C. M. & R. 573.

We do not think the charges here complained of are of such a character that a jury without other proof would be justified in finding them malicious. They are severe in substance, but concise in expression. They employ no language which has the appearance of being used only by way of spiteful invective or malignant vituperation. Their chief fault is that they are vague and inexplicit, but this is a fault which is as likely to have arisen from unskilfulness as from malice. Indeed, the petition is just such a petition as we might expect from persons honest and earnest in purpose, but ignorant of the proper mode of making charges which are to be judicially investigated. It is as consistent on the face of it with good faith as with malice, and therefore, under the rule laid down in the cases above referred to, it was for the plaintiff to show by extrinsic evidence, not only that the charges were false, but also that the defendants had no probable cause for believing

them to be true, or that they acted without sincerity, using the occasion as a mask for personal spite and ill will.

*Exceptions overruled.*

Page & Owen, for plaintiff.

*Edward C. Dubois, John H. Bongartz, William B. W. Hallett, Charles F. Baldwin,* and *George N. Bliss,* for different defendants.