## No. 12,434.

## BUSCHER v. SCULLY.

PRACTICE.—*Exclusion of Evidence.*—*Misconduct of Counsel in Argument.*—*Affidavit.*—*Bill of Exceptions.*—Rulings of the trial court in excluding evidence, or in refusing to check the misconduct of counsel in argument, can not be brought into the record by affidavit. The proper mode is by a bill of exceptions.

ARGUMENT OF COUNSEL.—*Misconduct.*—*When Available for Reversal of Judgment.*—It is only where the improper statements of counsel in argument are of such a material character as to probably influence the jury in returning a wrong verdict that they are available for the reversal of the judgment.

SLANDER.—*Charge of Fornication or Adultery.*—It is slander to falsely charge a woman with fornication or adultery, whether in direct terms or by the use of words which impute the offence and are so understood by the hearers.

SAME.—*Variance.*—A variance in the tense of the libellous words as charged in the complaint, and as shown by the evidence, will not preclude a recovery.

From the Hamilton Circuit Court.

*W. Neal* and *J. F. Neal,* for appellant.

*D. Moss* and *R. R. Stephenson,* for appellee.

ELLIOTT, J.—The appellee's complaint contains two sets of slanderous words, and is unquestionably sufficient to repel the demurrer addressed to the entire pleading, even though it should be conceded that one set was not actionable.

Rulings of the trial court in excluding evidence or in refusing to check the misconduct of counsel in argument can not be brought into the record by the affidavit of one of the parties. The proper mode of getting such rulings into the record is by setting them forth in the bill of exceptions as the action of the court. *Indianapolis, etc., G. R. Co.* v. *Christian,* 93 Ind. 360.

Our statute makes it slander to falsely charge a woman with fornication or adultery, and this is but a declaration of the American common law. Odgers Libel and Slander, 84, American editor's note. It is not essential that the charge should be made in direct terms; it is sufficient if the words used are such as impute to her fornication or adultery, and were so understood by those who heard them. *Proctor* v. *Owens,* 18 Ind. 21; *Wilson* v. *Barnett,* 45 Ind. 163; *Waugh* v. *Waugh,* 47 Ind. 580; *Branstetter* v. *Dorrough,* 81 Ind. 527, and authorities cited; *Seller* v. *Jenkins,* 97 Ind. 430.

The complaint charges that the words imputing a want of chastity were used in the past tense; while the evidence shows that they were spoken of a matter in the present tense. This is not such a variance as precludes a recovery. Townshend Slander and Libel (3d ed.), section 367.

Judgment affirmed.

Filed March 24, 1886.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The appellant contends in his petition for a rehearing that the record presents the question of the misconduct of counsel in argument in two ways, upon affidavit and by recitals in the bill of exceptions, and that we were in error in holding that it was sought to be presented only on affidavit. It certainly was attempted to be presented by af-

fidavit, and it is doubtful whether all that is recited in the record does not refer to the statements of the affiants; but,. however this may be, the statements of counsel in argument,. even if improper, were not of such a material character as to warrant a reversal. It is only where the improper statements of counsel are of such a material character as that it appears probable that they were instrumental in obtaining a wrong verdict, that a reversal will be adjudged. *Boyle* v. *State*, 105. Ind. 469; *Shular* v. *State*, 105 Ind. 289, and authorities cited..

Petition overruled.

Filed June 26, 1886.