(115 So. 88)

**PEINHARDT v. WEST. (6 Div. 943.)**

Supreme Court of Alabama. June 23, 1927.

**I. Libel and slander ☞85—Only material part of libelous article or conversation need be set out in petition.**

Libelous article or conversation need not be set out in full in petition; it being sufficient if petition contains material part.

**2. Libel and slander ☞85—Complaint in libel action, alleging two sets of words, is good if either set is actionable.**

Where complaint sets out two or more sets of words in action for libel, it is good if either of such sets is actionable.

**3. Libel and slander ☞100(7)—In libel action, it is not necessary plaintiff prove speaking of all words alleged, or that every innuendo be warranted by matter alleged.**

In action for libel, plaintiff need not prove speaking of all words alleged, if he proves some which are actionable without reference to the others, and every innuendo need not be warranted by matter alleged, even where matters charged are not all libelous per se.

**4. Libel and slander ☞48(2)—Communication concerning public official, made to superior, is qualifiedly privileged.**

Communication concerning public official, made to his superior or person with power to redress a wrong, is qualifiedly privileged, provided officer addressed has some interest or duty in matter.

**5. Libel and slander ☞93—In libel action, privilege relied on must be specially pleaded, where complaint does not affirmatively show that publication was privileged.**

Where complaint in action for libel does not affirmatively show that publication was privileged, privilege relied on must be specially pleaded, with appropriate denial of actual malice.

**6. Libel and slander ☞48(2)—Circular charging public officer as sailing under false colors and being depraved piece of humanity worked forfeiture of any qualified privilege.**

Circular containing statements concerning public officer, in which publisher declared and reaffirmed truth of charges as showing that officer "has been sailing under false colors" and as showing him "as a depraved piece of humanity before God and his country," worked forfeiture of any qualified privilege.

**7. Libel and slander ⬡⇒7(6)—False charge that plaintiff has committed murder is "libelous per se."**

False and malicious charge that plaintiff has been guilty of murder is libelous per se, since murder is felony.

**8. Libel and slander ⬡⇒6(1)—Charge that plaintiff associated at night with "woman about town" held "libelous per se."**

False and malicious charge that plaintiff clandestinely associated at night with "woman about town" *held* libelous per se, since it exposes plaintiff to public ridicule or contempt.

**9. Libel and slander ⬡⇒6(1)—Charge that plaintiff, while drunk, rode traveling woman in his motorcycle, held "libelous per se."**

False and malicious charge that plaintiff rode traveling woman in his motorcycle while he was in drunken condition *held* libelous per se, since it exposed him to public ridicule or contempt.

**10. Libel and slander ⬡⇒86(2)—Where matter charged is libelous per se, innuendo is unnecessary, and unwarranted innuendo is not ground for demurrer.**

Where matter charged in action for libel is libelous per se, no innuendo is necessary, and unwarranted innuendo is not ground for demurrer, since it may be disregarded as surplusage.

Certiorari to Court of Appeals.

Petition of J. M. West for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Peinhardt v. West, 115 So. 80. Writ granted.

See, also, post, p. 13, 115 So. 89.

Beddow & Ray, of Birmingham, for appellant.

The publication in question is not privileged. Parsons v. Age-Herald Pub. Co., 181 Ala. 439, 61 So. 345; Buckstaff v. Hicks, 94 Wis. 34, 68 N. W. 403, 59 Am. St. Rep. 853; Trebby v. Transcript Pub. Co., 74 Minn. 84, 76 N. W. 961, 73 Am. St. Rep. 330. It is libelous per se. 36 C. J. 1163; Kirkpatrick v. Journal Pub. Co., 207 Ala. 687, 93 So. 622; Choctaw Coal Co. v. Lillich, 204 Ala. 533, 86 So. 383, 11 A. L. R. 1014; Fitzpatrick v. Age-Herald Pub. Co., 184 Ala. 510, 63 So. 980, 51 L. R. A. (N. S.) 401, Ann. Cas. 1916B, 753; T. C. I. Co. v. Kelly, 163 Ala. 348, 50 So. 1008.

Earney Bland, of Cullman, for appellee.

Brief did not reach the Reporter.

SOMERVILLE, J. The following principles in the law of libel are well settled by the authorities:

[1] 1. "The article or conversation need not be set out in full; it being sufficient if the petition contains the material part or only so much as is necessary to show an actionable imputation." 37 Corp. Jur. 28, § 337.

In Weir v. Hoss and wife, 6 Ala. 881, 887, this court said:

"It was not necessary to set out the entire publication, but it was sufficient to set out such parts as the plaintiff complained of as libelous, if the plaintiff does not, by omitting some portions, produce a new arrangement, and thereby alter the sense. * * * The proper mode is to show [in defense] that the selected parts are extracts, and, if the omitted parts explain, or render innocuous, the parts selected, the defendant may have the advantage of it on the general issue. Such was the mode adopted in this case in strict conformity with the precedents."

The text of 17 R. C. L. 390, § 142, relied on by the Court of Appeals, does not contradict the other authorities above cited, but is applicable only when the excerpt stated is on its face incomplete, and shows an omission of a part of the complete statement.

2. If the matter complained of is libelous per se, no innuendo is necessary, and, if laid, may be disregarded as surplusage. 37 Corp. Jur. 25, § 332; Penry v. Dozier, 161 Ala. 292, 301, 49 So. 909; Choctaw, etc., Co. v. Lillich, 204 Ala. 533, 86 So. 383, 11 A. L. R. 1014. In such a case an unwarranted innuendo is not ground for demurrer (Choctaw, etc., Co. v. Lillich, supra), and on the trial the plaintiff is not confined to the meaning thus ascribed to the language (37 Corp. Jur. 25–26, § 332).

[2] 3. "If a count sets out words not actionable and words spoken at the same time which are actionable, the count is good." 37 Corp. Jur. 21, § 327; Bash v. Sommer, 20 Pa. 159; Cummins v. Butler, 3 Blackf. (Ind.). 190; Davis v. Hamilton, 85 Minn. 209, 88 N. W. 744. And "a complaint which alleges two or more sets of words is good if either of such sets is actionable." 37 Corp Jur. 21, § 326; Buscher v. Scully, 107 Ind. 246, 5 N. E. 738, 8 N. E. 37; Klumph v. Dunn, 66 Pa. 141, 5 Am. Rep. 355.

[3] 4. "It is not necessary, to entitle the plaintiff to recover, that he should prove the speaking of all the words alleged; if he proves some of them which are actionable without reference to the others, it is quite sufficient." Scott v. McKinnish and wife, 15 Ala. 662, 667; Chandler v. Holloway, 4 Port. 17, 23, 24; Penry v. Dozier, 161 Ala. 292, 306, 49 So. 909. A fortiori is not necessary to the sufficiency of the complaint, even where the distinct matters charged are not all libelous per se, that every innuendo be warranted by the matter alleged.

[4] 5. It is well settled that "a communication concerning a public official, made to his superior or [to a] person with power to redress a wrong, is qualifiedly privileged"; but "to come within this rule the officer or board addressed must have some interest or duty in the matter." 36 Corp. Jur. 1263, 1264, § 246; Odgers, Libel and Slander (1911)

---

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

276; ·Cooley on Torts (1906) 434; Glisson v. Biggio, 141 La. 209, 74 So. 907; Bingham v. Gaynor, 203 N. Y. 27, 96 N. E. 84; Kent v. Bongartz, 15 R. I. 72, 22 A. 1023, 2 Am. St. Rep. 870. ·

[5] Conceding that the charges filed by defendant before the city council of Cullman, as shown by the second count of the complaint, were qualifiedly privileged, it does not appear that their subsequent publication by a circular addressed "To the Citizens of Cullman County," after plaintiff had ceased to be a public officer, was a matter even of qualified privilege. By setting out the circular containing a recital that the alleged libelous matters had been "presented to the· city council," plaintiff did not admit the truth of that recital; nor does that recital itself show that, when the circular was published, there was a public document containing the libelous charges on file in any place accessible to the public. Where the complaint does not affirmatively show that the publication was privileged, the privilege relied on must be specially pleaded with appropriate denial of actual malice. Ferdon v. Dickens, 161 Ala. 181, 49 So. 888.

[6] But, even conceding that the publication of the document might have been qualifiedly privileged, if it had been ·published merely as a public document of interest to the community, the prefatory statement of the circular shows that it was not so published, but that, on the contrary, the publisher declared and reaffirmed the truth of the charges as ·showing plaintiff "has been sailing under false colors," and as showing him "in his true standing as a depraved piece of humanity before God and his country." This far exceeded and grossly abused the privilege, if any there was, and worked a forfeiture of the privilege. Age Herald Pub. Co. v. Waterman, 202 Ala. 665, 669, 81 So. 621. It was not the fair report of a public proceeding, but was in form and substance a catalogue of charges presently made by the publisher as true. Nor was it fair comment on acts or conduct admitted or proven to be true. Parsons v. Age-Herald Pub. Co., 181 Ala. 439, 450, 61 So. 345.

[7-9] Both counts of the complaint exhibit, as alleged, a false and malicious charge that plaintiff had been guilty of murder, and also that he clandestinely associated at night with "a woman· about town," and that he rode a traveling woman around in his motorcycle while he was in a drunken condition. The murder charge is libelous per se, because murder is a felony; and the other charges are libelous per se, because they expose plaintiff to public ridicule or contempt.

[10] Under the authorities noted above the sufficiency of the innuendo is wholly immaterial, and the demurrers to each count were properly overruled by the trial court.

The writ of certiorari. will be granted, the judgment of the Court of Appeals will be reversed, and the cause will be remanded to that court for further proceedings in accordance herewith.

Writ granted.

All the Justices concur, except BROWN, J., not sitting.