189 So.2d 782

**Pearl Lindsey STEPHENS**

v.

**William C. STEPHENS et al.**

**5 Div. 813.**

Supreme Court of Alabama.

July 14, 1966.

Rehearing Denied Sept. 8, 1966.

Hooton & Hooton, Roanoke, for appellant.

John W. Johnson, Jr., Lanett, for appellees.

GOODWYN, Justice.

Appellant sued appellees for libel. The complaint, as last amended, contained nine counts. Appellees' amended demurrer to the amended complaint, and to each count

thereof, separately and severally, was sustained generally. In so ruling, the trial court did not specify which of the twenty-five grounds of the amended demurrer it considered to be good as to each of the counts. Appellant declined to plead further and, because of the ruling on the demurrer, moved for a nonsuit. The motion was granted. This appeal followed.

### Motion to Dismiss Appeal

■ Before discussing the merits, we dispose of appellees' motion to dismiss the appeal. The motion is grounded on the lack of a final judgment to support the appeal. Our conclusion is that the motion is due to be denied.

The question is whether the following is a final judgment, viz.:

"It is therefore, ordered and adjudged by the Court that the defendants go hence without day and have and recover of plaintiff all costs in this cause created, for the recovery of which, let execution issue."

A similar order has been held to be a final judgment which will support an appeal. See: Cooper v. City of Fairhope, 263 Ala. 619, 621, 83 So.2d 321; Davis v. Evans, 261 Ala. 548, 550, 74 So.2d 705, 48 A.L.R.2d 740; Thomas v. White, 244 Ala. 128, 129, 12 So.2d 567, 569. The judgment in the last cited case and the one now before us are almost identical. There, it was said:

"After reciting that plaintiff moved for a non-suit on account of adverse ruling of the court, the minute entry proceeds: 'It is therefore considered and adjudged by the court that the defendant go hence and have and recover of the plaintiff all costs incurred in this prosecution, for which let execution issue.'

"This order 'put the case out of court,' and constitutes a final judgment. Wood v. Coman, 56 Ala. 283, cited approvingly in Martin v. Alabama Power Co., 208 Ala.

212, 94 So. 76. This is in accord with current authorities. Freeman on Judgments' (5th Ed.) p. 37; 18 Words and Phrases, Perm.Ed., p. 423; 2 Am.Jur. p. 867."

The motion to dismiss the appeal is denied.

### Merits

■ There are twenty-three assignments of error. However, only those challenging the ruling on the demurrer, which superinduced the nonsuit, can be considered. Code 1940, Tit. 7, § 819; Almon v. Commission of Education of Cullman County, 265 Ala. 489, 491(5), 92 So.2d 35; Carter v. City of Gadsden, 264 Ala. 544, 547(3), 88 So.2d 689.

■ Each count of the complaint is tested by each ground of the demurrer; and if any ground of the demurrer is good as to any count of the complaint, the sustaining of the demurrer was not error. The effect of assigning as error the ruling sustaining the demurrer generally is to charge that none of the grounds of the demurrer is good as applied to at least one count of the complaint. See: Whatley v. Alabama Dry Dock and Shipbuilding Company, 279 Ala. 403, 186 So.2d 117.

We are at the conclusion that at least one ground of the demurrer is good as to count 1 of the complaint.

Count 1 is as follows:

"Plaintiff claims of the Defendants One Hundred Thousand Dollars, damages for falsely and maliciously publishing of and concerning her an affidavit before Hon. O. D. Alsobrook, Probate Judge of Chambers County, Alabama on towit, July 2, 1963 the following matter with intent to defame the Plaintiff, towit, that the Plaintiff, Pearl Lindsey Stephens was insane and that she be placed in the Alabama Bryce Hospital as a patient."

■ Appellant apparently takes the position that count 1 is not demurrable because it follows the form prescribed for libel by Code 1940, Tit. 7, § 223, Form 17. It is our view that count 1 does not meet the requirements of Form 17. It has been held that this form requires that the defamatory words be set out in haec verba. See: Cleveland v. Cleveland, 263 Ala. 530, 532, 83 So.2d 281. This is not done in count 1, and there is a ground of demurrer specifically pointing out this defect.

There is no occasion to determine whether grounds of the demurrer are good as to the other counts.

Motion to dismiss the appeal denied.

Affirmed.

All the Justices concur.

### ON REHEARING.

Rehearing denied.

COLEMAN, Justice (dissenting in part):

On further consideration of this appeal, I am in disagreement with the original opinion of the court in some particulars but am in agreement in others.

On original deliverance, the court held that, by her assignments of error, plaintiff has asserted that the trial court erred in overruling the demurrer to every one of the counts of the complaint. There were nine counts. The first assignment of error recites:

"1. That the judgment of the Court in said cause is erroneous in that the Demurrers of the Defendants should not have been sustained."

The only other good assignments of error are 20 and 21. They are to the same effect as assignment 1. It is not certain that assignment 20 is a good assignment.

By the first assignment, plaintiff asserts that the court erred in sustaining the demurrer to all nine counts. This is a joint assignment. Plaintiff has said that the court erred as to all counts jointly. This means that plaintiff, by her assignment of error, has undertaken to prove that all nine counts are good counts and that not even one of the nine counts is insufficient against any ground of demurrer. To sustain her assignment of error, plaintiff must demonstrate that all nine counts are good against all grounds of demurrer. If plaintiff desired to have a separate consideration of the ruling sustaining the demurrer to count 1, then plaintiff should have made a separate assignment of error asserting that the court erred in sustaining the demurrer to count 1. The same procedure would be required to obtain a separate consideration of the ruling as to each of the remaining counts.

Assignments 20 and 21 are subject to the same consideration and result as the first assignment. So, if the court was correct in sustaining the demurrer to count 1, then plaintiff's assignments of error are not well taken and the judgment is due to be affirmed.

I agree with the holding that if any single count is subject to any single ground of demurrer, then the plaintiff's assignments of error are not well taken. Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 150 So.2d 365.

The next step is to decide whether any count is subject to any ground of demurrer. On original deliverance, the court held that count 1 is bad against the ground that the defamatory words are not set out *in haec verba* in this count.

Form 17, § 223, Title 7, Code 1940, as here pertinent, recites:

"The plaintiff claims of the defendant ———— dollars, damages for falsely and maliciously publishing of and concerning him in a newspaper . . . . (or book, or writing, as the case may be), the following matter, with intent to defame the plaintiff, viz.: (Here set out the lan-

guage charged as libelous), on the ——— day of ———————."

In the instant case, plaintiff has followed Form 17 in all material respects. It is true that plaintiff employs "to-wit," instead of "viz.," as in the Code, but I do not think this is any substantial variation. § 223 commences:

"Complaints in civil cases in substantially the following form shall be sufficient:"

. It is also true that plaintiff has not enclosed the defamatory words in quotation marks, but I do not think that the quotation marks would add anything to the allegation of the defamatory words. Plaintiff asserts that defendant published the following matter, to-wit, that the Plaintiff, Pearl Lindsey Stephens was insane and that she be placed in the Alabama Bryce Hospital as a patient.

The ordinary meaning of this language is that defendant has published a statement that plaintiff was insane. There is authority that a publication imputing insanity is libelous per se; 33 Am.Jur. 71, Libel and Slander, § 51; 66 A.L.R. 1257; 53 C.J.S. Libel and Slander, § 25, p. 68; and defendant does not seem to contend to the contrary.

This court has declared that the article published need not be set out in full, it being sufficient if the petition or complaint contains the material part or only so much as is necessary to show an actionable imputation. Peinhardt v. West, 217 Ala. 12, 115 So. 88.

In *Peinhardt*, this court quoted with approval from an earlier case where this court had said:

"It was not necessary to set out the entire publication, but it was sufficient to set out such parts as the plaintiff complained of as libelous, if the plaintiff does not, by omitting some portions, produce a new arrangement, and thereby alter the sense. [Tabart v. Tipper, 1 Campbell, 351.] The proper mode is to show that the selected parts are extracts, and if the omitted parts explain, or render innocuous, the parts selected, the defendant may have the advantage of it on the general issue. Such was the mode adopted in this case in strict conformity with the precedents.—[Metcalfe v. Williams, 3 Litt. 389; Buckingham v. Murray, 2 Carr. & Payne, 46; Starkie on Slan. 268.]" Weir v. Hoss, 6 Ala. 881, 887.

In the instant case, plaintiff alleges the defamatory words with sufficient particularity to inform the defendant against what charge he must defend, to enable the court to judge whether the words charged constitute a cause of action, and to make a recovery under count 1 a bar to a subsequent action for the same cause.

It may be that plaintiff cannot prove the allegation that defendant published the words alleged in count 1, but that is not matter to be decided on demurrer.

I am of opinion that count 1 is not defective for the reason that the defamatory words are not set out *in haec verba*. I think the defamatory words are set out *in haec verba,* and, therefore, dissent from the contrary holding.

As to other counts of the complaint, I express no opinion whether they be sufficient against all grounds of the demurrer. If any count be insufficient against any ground of demurrer, assignments 1, 20 and 21 are not well taken and the judgment ought not to be reversed, even though count 1 be a good count.