[Murphree v. Bishop.]

# Murphree v. Bishop.

*Bill in Equity for Reformation of Conveyance, and Injunction of Judgment in Action of Unlawful Detainer.*

1. *Injunction against judgment at law.*—A defendant in a judgment at law can not have equitable relief against it, because it is either erroneous or void; since, if void, it may be disregarded, or set aside on motion; and if erroneous, it may be revised on appeal.

2. *Injunction of action at law, pending suit for reformation of conveyance.*—When the purchaser of lands enters into possession under a conveyance in which they are misdescribed, and is afterwards sued in ejectment by his vendor, or the statutory action in the nature of ejectment, he may have the conveyance reformed, and the action at law enjoined pending the suit; but, if the vendor brings an action of unlawful detainer, in which title can not be inquired into (Code, § 3704), the purchaser can not enjoin the action or judgment while he seeks a reformation of the conveyance.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 17th March, 1885, by Enoch Bishop, against Jesse E. Murphree; and prayed the reformation of a conveyance of lands executed by said Murphree to the complainant, on the ground that the lands intended to be conveyed were not correctly described in the deed, and an injunction of a judgment at law in an action of unlawful detainer, which said Murphree had recovered against the complainant for the lands. After answer filed, in which the alleged mistake was admitted, and an offer made to correct it, the defendant submitted a motion to dissolve the injunction, for want of equity in the bill, and on other grounds. The chancellor overruled the motion, and his decree to that effect is now assigned as error.

DICKINSON & WARD, and INZER & GREENE, for appellant. The bill can not be maintained on the ground of its asking a reformation of the conveyance; since the mistake in the description of the lands is admitted, and the defendant offers to correct it; and it does not appear that his attention was ever called to the mistake, or that a correction was asked.—1 Brick. Digest, 681, § 611, and cases there cited. Nor is any ground shown for enjoining the judgment in the action of unlawful detainer.—*Hamilton v. Adams*, 15 Ala. 506; *Norwood v.*

[Murphree v. Bishop.]

*Kirby*, 70 Ala. 397; *Turnley v. Hanna*, 67 Ala. 101; *Abraham v. Watson*, 59 Ala. 524.

HAMILL & LUSK, *contra*, submitted a motion to dismiss the appeal; and, on the merits, relied on the case of *Robbins v. Battle-House Company*, 74 Ala. 499.

STONE, C. J.—The security for costs in this case sufficiently identifies the decretal order appealed from, and the motion to dismiss the appeal must be overruled.

Is there error in the chancellor's refusal to dissolve the injunction? The motion is based on the alleged want of equity in the bill. The grounds relied on for maintaining the injunction are two-fold. First: That three justices of the peace, instead of one, presided in the trial of unlawful detainer, and that for that reason the judgment rendered was void. If there be any thing in this objection, it was a mere error in the judgment, which could and would have been corrected, on motion, or on appeal. A void judgment may be disregarded, or may be set aside on motion. An erroneous judgment is corrected by appeal. Neither, standing alone, furnishes a subject for equitable cognizance.—*Glass v. Glass*, 76 Ala. 368; *Boynton v. The State*, 77 Ala. 29.

A second ground, on which the right to the injunction is rested, grows out of the alleged recovery in unlawful detainer. It is contended that the ruling in *Robbins v. Battle-House Company*, 74 Ala. 499, maintains the injunction granted in this case. In that case, Robbins claimed under a mere tenancy. As the contract of lease was drawn, he was a tenant at sufferance of a large part of the tenement. That tenancy was subject to be put an end to at any time by the landlord, without any reason therefor. If the lease was reformed, as claimed in the bill, then the tenant was in for a term not yet expired. The action of unlawful detainer was still pending on appeal in the Circuit Court, and it was necessary to the defense of that suit that the lease should be reformed before the appeal cause was tried. On that ground alone we held the injunction was improperly dissolved.

In the present case, the bill nowhere avers that Bishop was the tenant of Murphree. It avers the contrary, by setting up that Bishop purchased from Murphree, received a conveyance, and went into possession under such conveyance. It complains that the lands purchased were, through mistake, misdescribed in the conveyance; and it seeks a reformation of the deed, so as to make it embrace the lands, of which he had received the possession under his purchase. If, instead of unlawful detainer, Murphree had brought ejectment, or the statutory real

[Brown v. Freeman & Bynum.]

action, then a reformation of the deed would have been necessary to Bishop's defense, for title would have been the issue in the cause. A bill setting forth such facts would have presented a proper case for an injunction. That is not this case. The bill avers that the suit and recovery were in unlawful detainer, and the injunction prayed and obtained was against the enforcement of that judgment. In such suit title can not be inquired into. A tenancy, or authorized possession, and its termination or forfeiture, are the conditions of its maintenance. Code of 1876, §§ 3697, 3704.

The deed from Murphree to Bishop, if corrected, could not aid the defense of the unlawful detainer suit; and the bill sets forth no equitable right to an injunction against the recovery complained of, or against its enforcement.— *Vancleve v. Wilson*, 73 Ala. 387. No other question is brought before us by this appeal.

The decree of the chancellor is reversed, and a decree here rendered, dissolving the injunction.

Reversed and rendered.