Section 3672 of the Code of 1923, reads as follows:
"Earnings of Convict Paid Him on Reversal or RenderingHis Case on Appeal. — When any person is convicted of a felony and takes an appeal from said judgment of conviction to the Supreme Court of Alabama, and pending said appeal he elects to not have said judgment and sentence suspended, pending said appeal, and goes to the penitentiary and performs labor as directed under said sentence of judgment, if the case be reversed and remanded or rendered, the state of Alabama must at once pay him or his attorney of record the amount earned while performing said labor under said sentence. When such persons elect to have said judgment and sentence suspended pending said appeal, and the case is affirmed and such person goes to the penitentiary, and performs labor as directed under said sentence of judgment, and if upon rehearing the case is reversed and remanded or rendered, the state of Alabama must at once pay to such person or his attorney of record, the amount earned while performing said labor under said sentence. The amount to be paid him is the amount which the state would have received from the proceeds of his labor, if said judgment of conviction had not been reversed and remanded or rendered."
But for the last sentence of the statute there might be some room for doubt and uncertainty as to the legislative intent, that is, whether the convict was to receive his gross or net earnings. This question, however, is answered and foreclosed by the last sentence which says:
"The amount to be paid him is the amount which the state would have received from the proceeds of his labor, if said judgment of conviction had not been reversed and remanded or rendered."
This seems to be a legislative interpretation of the provision, and, while not binding or conclusive on the courts, must be considered as quite persuasive of the intent there expressed. Had this petitioner's case been affirmed, what would the state have received from the proceeds of his labor? According to the undisputed facts, nothing, as the expense incident to his service exceeded his earnings, and, if it cost the state more to *Page 427 
maintain him than he earned, it did not receive anything from the proceeds of his labor. While this statute was enacted primarily for the benefit of the convict and not the state, it was not the legislative purpose to burden the state by requiring it to account for the gross earnings of the convict, regardless of the expense to which it was put. If his case was affirmed, he got the benefit of the time served upon his sentence, and it was merely the legislative purpose to give him the benefit, in case of a reversal, of the amount that the state may have received from the fruits of his labor — not to require that the state should be a loser by virtue of his election to not have the sentence suspended. The proof showing that the expense of control and maintenance of the petitioner, during the time he served, pending his appeal, exceeded his earnings, the state necessarily received nothing as the proceeds of his labor and there was therefore nothing to pay over to him under the terms of sections 3672 and 3673 of the Code of 1923.
The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.
Writ awarded, and reversed and remanded.
SOMERVILLE, GARDNER, MILLER, and BOULDIN, JJ., concur in the opinion and result.
SAYRE and THOMAS, JJ., concur in awarding the writ, but think the statute is properly construed in the opinion of Judge Samford.