### STATE DOCKS COMMISSION et al. v. STATE ex rel. CUMMINGS.

### I Div. 781.

Supreme Court of Alabama.

June 15, 1933.

Rehearing Denied Nov. 2, 1933.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellants.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

**THOMAS, Justice.**

The overruling of demurrers to the petition for writ of mandamus issued and directed to the individuals composing the State Docks Commission and to the State Docks Commission, and the entering of judgment for petitioner, are assigned as error.

The State Docks Commission is the governing agency of the state of Alabama provided for by section 93, as amended, of the Constitution of the State of Alabama of 1901 (Amendment 12), engaged in the work of internal improvement or promoting, developing, constructing, maintaining, and operating the state's only harbor and seaport at Mobile, and charged with and exercising the management and control as said agency of such work or improvement, said the State Docks Commission having been created under and by virtue of an act of the Legislature of Alabama approved September 18, 1923, embodied as sections 2526 to 2565, inclusive, of the Code of Alabama of 1923, and being continued under and by virtue of an act of the Legislature approved January 17th, 1927, embodied in pages 1 to 14, both inclusive, of the General Acts of Alabama of 1927. Acts 1923, p. 330 et seq.; Acts 1927, p. 1; Downing v. State, 214 Ala. 199, 107 So. 80.

The petitioner avers his employment by that commission, the accrual of his salary, the existence of sufficient funds therefor, available as operating expenses on May 15, 1933, the failure to pay, though there was the order to pay, assigning as a reason for such declination by the secretary and treasurer: "The act of the Legislature of Alabama approved April 14th, 1933, entitled, 'An Act to fix, limit or regulate the salaries and compensation of certain officers and employees of the State or any department thereof; to provide how the same shall be payable; and to provide for the repeal of all laws or parts of laws in conflict with the provisions of this Act; and to provide when the provisions of this act shall become effective,' operated as a reduction of your petitioner's monthly salary to 70 per cent. of the salary which your petitioner earned for the month of September, 1932, which applied to your petitioner's case would amount to $226.80 for the whole month of May, 1933, payable only at the end of said month, and nothing was payable sooner; and that because of said act they could and would not pay your petitioner the said sum of $162 which they admitted was due under your petitioner's contract of employment with said the State Docks Commission, and which said the State Docks Commission had ordered them to pay to your petitioner on said 15th day of May, 1933."

The questions recur: Is the salary of such an official, as petitioner, subject to the terms of the Act of April 14, 1933? Is he a public officer or a mere employee unaffected by the Act? 46 C. J. p. 922. The State Docks Commission not being subject to suit, mandamus is the proper remedy when a right exists. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; State Docks Commission v. Sossaman, post, p. 700, 149 So. 923.

█ It is established that the Constitution is the supreme law, and is a limitation upon the power of the Legislature, binding on the several departments of state government, and the people themselves, whose ordinance it is "or charter of its sanction," subject only to the restraints resulting from the Constitution of the United States [State ex rel. Meyer v. Greene, Judge of Probate, etc., 154 Ala. 249, 254, 46 So. 268; Johnson. v. Craft, 205 Ala. 386, 393, 87 So. 375]; that a constitutional prohibition may be expressed, or it may result from necessary implication. "Constitutions usually deal with larger topics and are couched in broader phrase than legislative acts; hence their just interpretation is not always reached by the application of similar methods. * * * 'A Constitution is not to receive a technical construction, like a common-law instrument, or statute.' Dorman v. State, 34 Ala. 216, 235." Realty Investment Co. v. City of Mobile, 181 Ala. 184, 187, 61 So. 248, 249.

█ A constitutional provision, as far as possible, should be construed as a whole and in the light of entire instrument and to harmonize with other provisions, that every expression in such a solemn pronouncement of the people is given the important meaning that was intended in such context and such part thereof. 12 C. J. pp. 707, 708; State ex rel. City of Tuscaloosa v. Court of County Com'rs of Tuscaloosa County, 173 Ala. 724, 54 So. 763; Board of Revenue of Jefferson County v. State ex rel. City of Birmingham, 172 Ala. 138, 54 So. 757; Board of Revenue of Jefferson County v. City of Birmingham, 205 Ala. 338, 88 So. 16.

█ Where the intention of a constitutional provision is clearly expressed by its terms or by necessary implications therefrom, no resort to secondary rules is necessary to obtain its meaning and intention. Johnson v. Craft, supra. It is only where doubt remains that such resort is had, and contemporaneous constructions long continued have been looked to as an aid in determining the intent and public policy so expressed. Ex parte Allgood, State Auditor, 213 Ala. 426, 104 So. 851.

█ It is further declared that where a power is expressly given by the Constitution, and the means by which, or the manner in which it is to be exercised is prescribed and mandatory, such means or manner is exclusive of and prohibits others. Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703; Ex parte State of Alabama, 52 Ala. 231, 23 Am. Rep. 567; Perry County v. Selma, Marion & Memphis Railroad Co., 58 Ala. 546, 556; Salter v. City of Anniston, 220 Ala. 199, 124 So. 663; Johnson v. Craft, 205 Ala. 386, 87 So. 375.

█ The Act of April 14, 1933 [No. 138—S. 183—Lapsley, Lusk] is entitled: "An Act to fix, limit or regulate the salaries and compensation of certain officers and employees of the State or any department thereof; to provide how the same shall be payable; and to provide for the repeal of all laws or parts of laws in conflict with the provisions of this Act; and to provide when the provisions of this Act shall become effective."

Among other things, the act provides as follows:

"Section 1. That the annual salaries of the officers and employees of the State of Alabama hereinafter named shall be the amounts hereinafter set opposite the respective officers, positions and employments, and be payable in equal monthly installments, viz:" (Here follows a long list of officers and employees of the various State Departments and annual salaries fixed.)

"The salaries of the officers and employees of the State Docks Commission shall be as follows: General Manager $6,000.00. The salary of no other employee shall exceed $3,600.00."

"Section 5. As to all salaries herein provided for officers or employees not elected or appointed for any term of office and which salaries are subject to reduction now this Act shall become effective on and after the first day of the month succeeding the approval of this Act; and as to all other salaries herein, this Act shall take effect on the first day of the month next succeeding the ratification of any Constitutional Amendment removing or suspending Constitutional restriction or limitations upon decreasing or diminishing the salary, fees or compensation of any officer, officers or employees during the term for which they shall have been elected or appointed.

"Section 6. The maximum annual salary or compensation which may be paid to any officer or employee of any department, board, or commission of the State, whose salary or compensation is not hereinabove fixed, shall not exceed, seventy per cent of twelve times the salary paid such officer or employee for the month of September, 1932. Provided however, that nothing in this act shall authorize the reduction of any compensation or salary below twelve hundred dollars per annum. Provided, further that this Act shall not operate to increase the present salary of any officer or employee."

The Mobile Port Amendment to section 93 of the Constitution of the State of Alabama of 1901 (Amendment 12) provides: "The State shall not engage in works of internal improvement, nor lend money or its credit in aid of such, except as may be authorized by the Constitution of Alabama or amendments thereto; nor shall the state be interested in any private or corporate enterprise, or lend money or its credit to any individual, association, or corporation, except as may be expressly authorized by the Constitution of Alabama, or amendments thereto; but when authorized by laws passed by the Legislature the state

may appropriate funds to be applied to the construction, repair, and maintenance of public roads, highways and bridges in the state; and when authorized by appropriate laws passed by the Legislature the state may at a cost of not exceeding ten million dollars engage in the work of internal improvement, or promoting, developing, constructing, maintaining, and operating all harbors and seaports within the state or its jurisdiction, *provided, that such work or improvement shall always be and remain under the management and control of the state, through its State Harbor Commission, or other governing agency.* The adoption of this amendment shall not affect in any manner any other amendment to the Constitution of Alabama which may be adopted pursuant to any act or resolution of this session of the Legislature." (Italics supplied.)

The petitioner's employment being *from month to month*, it will be considered that on the 1st day of May, 1933, he entered into the performance of a new contract with the State Docks Commission for the month of May, at the salary of $324 for that month, $162 of which was payable on May 15th. If on account of the continuing nature of his employment, it be considered that he receives an annual salary (which in amount would be $3,888), then he comes within the terms of section 1 of the act, which provides that the salary of no employee of the State Docks Commission, other than the general manager, shall exceed $3,600, and we have a situation where this employee has by contract with the State Docks Commission been hired and employed for the month of May for the salary of $324, whereas the above-quoted act attempts to reduce that salary to $300, this sum being one-twelfth of the maximum annual salary of $3,600 provided for by the act.

It is submitted that section 6 of the Act of 1933 has no application to this employment, but reference thereto by appellants is made to show "its separate invalidity and * * * to illustrate the impracticability of any attempt of the Legislature to superimpose its control over the fixation of the salaries of the employees of The State Docks Commission." They (appellants) also refer to section 5 of the act for the stated reason "that so far as concerns this employee" and others, it never becomes effective.

We proceed to the important question whether or not the Legislature had authority, under the Mobile Port Amendment to the Constitution, to limit or direct (to the extent indicated) the "managerial and controlling powers over the State Docks development and operation." It is insisted by appellee that by this amendment to our Constitution, the State Harbor Commission, now the State Docks Commission, was vested with that exclusive power, and that the same must be exercised by that commission or such other governing agency of the state as the Legislature may prescribe, and not by the Legislature acting in its own behalf in the premises.

The state of Alabama engaged in the performance of a business or corporate power—the internal improvement in question—by virtue of Amendment 12 to the Constitution, known and called the Mobile Port Amendment. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581, and authorities; In re Opinions of the Justices, 209 Ala. 593, 96 So. 487; In re Opinions of the Justices, 211 Ala. 611, 101 So. 185. The enabling act (Acts 1923, p. 330) to this end is codified as sections 2526–2565. These statutes authorized the state to engage in promoting, developing, constructing, etc., harbors and seaports, as set out in many sections. Section 2526 provides, among other things, that: "Such work or improvement and facilities shall always be and remain under the management and control of the state through the governing agency hereinafter provided and designated, or such other governing agency or agencies as hereafter may be provided by law, and the entire cost to the state of engaging in such work or development shall not exceed the sum of ten million dollars." Section 2527 creates a board or body in lieu of the State Harbor Commission, to be known as the State Docks Commission. Code 1928, section 2527(1), provides for the selection or election of the commissioners and their respective terms; section 2527(2) prescribes the jurisdiction of the commission. Section 2528 deals with the board of censors, their duties and compensation. Sections 2531 to 2535 provide for appointment by the commission of a secretary-treasurer and a general manager; the bonds of employees; the report of the general manager, and the fixing of the salaries and compensation for the general manager, engineers, etc., "with the approval of the Governor." It is required by sections 2559, 2560, that: "The commission shall make to each regular session of the legislature a report showing the indebtedness of the State created under this article, the property acquired, the facilities owned, the results of the operations, and such other information as may be necessary to fully advise the legislature of the status and progress of the improvement and development hereby authorized. [Acts 1923, p. 330, § 13]. * * * The governor and the commission, respectively, are hereby directed and required to exercise the power and authority by this article conferred upon them, respectively, to whatever extent is necessary to the accomplishment of the improvement and development hereby authorized." By Code 1928, § 2565(1), said commission was given the right to make rules; and by section 2565(2), to establish harbor lines, etc.

The provisions of the act of 1927 [Acts of 1927, page 1] are contained in its title, as follows: "To give effect to the amendment to Section 93 of the Constitution of Alabama

adopted at the November election, 1922, enabling the State 'when authorized by appropriate laws passed by the Legislature, to engage in the work of internal improvement, of promoting, developing, constructing, maintaining and operating all harbors or seaports within the State or its jurisdiction at a cost not exceeding ten million dollars'; continuing the authority granted the State of Alabama in Chapter 44, Article 4, of the Code of 1923, to engage in the work of internal improvement of promoting, developing, constructing, maintaining and operating all harbors or seaports within the State or its jurisdiction, including all kinds of terminal facilities at seaports, and therein and thereafter to borrow money through the issue and sale of its bonds, or otherwise therefor, but not to exceed in the aggregate ten million dollars; to prescribe the powers and authority of the State in respect to said development; continuing an agency of the State known as the State Docks Commission, preserving the terms of office of the existing members of the State Docks Commission, providing for the election, subject to confirmation by the Senate, and/or the Governor, of members of the State Docks Commission, including the participation by the Governor in the election of members of the Commission under certain circumstances provided; to provide for the management and control of all of said operations by said agency; to prescribe and define the powers, duties and jurisdiction of such agency, including, among other things, the leasing of real estate within the boundaries of the State Docks area and exempting from State, County and municipal taxation structures and improvements as well as all permanent facilities erected, installed or located, within said boundaries, by lessees, their successors or assigns, for the period stipulated in such leases, and including the exercise of the power of eminent domain, and, among other things, to make rules and regulations concerning the licensing and disciplining of pilots, fixing pilotage fees, promulgating rules and regulations for the operation and maintenance of any seaport or harbor within the State, preventing and penalizing obstruction of any harbor or seaport, providing suitable penalties for the violation of any rule or regulation established by said Commission under the authority of this Act; to confer upon said agency the power and authority to fix reasonable charges for services rendered pursuant to this Act by the State, or under its authority, and for the use of its facilities acquired or constructed under authority of this Act, to require all persons and corporations rendering like services or furnishing similar facilities, to make charges therefor at least as great as the reasonable charges fixed by such agency; to establish harbor lines and to grant licenses to riparian owners to erect aids to navigation; to regulate generally the acquisition, construction, development and operation by the State of harbor improvements; including, among other things, all kinds of terminal facilities at seaports; to repeal all laws in conflict with this Act, and expressly repealing the following sections of the Code of 1923, viz: Sections 2427 to 2517, both inclusive."

It is further provided by the act of 1927 [Acts of 1927, pp. 3, 4 and 5], as to the State Docks Commission theretofore created, empowered, and provided for by the act of 1923, that: "In case three vacancies should exist in the membership of the Commission at the same time, the Governor shall fill such vacancies by appointment, subject to the confirmation by the Senate, as herein provided. At every session of the Legislature, the Secretary of State shall certify to the Senate the names of all who shall have been so elected or appointed since the last session of the Legislature and the Senate shall confirm or reject them, as it shall determine is for the best interest of the State. If it rejects the name of any member so certified by the Secretary of State, the Senate shall thereupon certify in writing to the electing or appointing agency the fact, and thereupon such agency shall proceed to elect or appoint and certify to the Senate the name of another member, or members, in the place of those rejected. The term of each Commissioner, after the expiration of the term provided for in the Act approved September 18, 1923 (which Act is codified as Chapter 44, Article 4, in the Code of 1923), shall be five years. The Commission shall select its chairman. The said State Docks Commission is hereby provided and designated as the agency of the State through which it shall accomplish the acquisition, or construction, maintenance and operation of all of the improvements and facilities hereby authorized and through which the same shall be managed and controlled by the State, and hereinafter such agency shall be called the Commission. It is further provided that no person having financial interest in any harbor facilities such as the State Docks Commission is authorized to deal with shall be eligible for election or appointment as a member of said Commission. The members of said Commission shall receive their actual expenses in attending meetings of said Commission or in attending to any of the duties under this Act. * * * That the members of the Board of Censors shall receive a per diem of ten dollars for the days spent in the discharge of their duties and reasonable traveling expenses, to be approved by the Governor. * * * The Commission must appoint a Secretary-Treasurer and as occasion requires may appoint such pilots, clerks, attorneys, collectors and other employees as may be necessary to perform all services needed in bringing vessels in and out of the seaport or harbor, loading and unloading such vessels, and in operating the terminal facilities provided for in this Act. In addition, the said Commission shall also appoint such architects and engineers

and other persons as may be required for the study and development of the facilities of the ports and when necessary may employ a general manager having such duties and powers as may be designated in writing by the Commission; such general manager, or any other employee or appointee, may be discharged or removed at any time by the Commission. * * * The Commission with the approval of the Governor shall have power and authority to fix the salaries and compensation for the general manager, engineers, architects and other supervising employees and may prescribe their duties. The Commission may, in its discretion, appoint the Chairman or other Commissioner as General Manager or as Chief Engineer, or both, and shall, with the approval of the Governor, fix his salary for either or both of these positions."

What did the Mobile Port Amendment to section 93 of the Constitution mean by the words, "*provided, that such work or improvement shall always be and remain under the management and control of the state,* through its State Harbor Commission, or other governing agency"? (Italics supplied.) Did the Legislature by the last act and its provision *to fix the salaries, wages, and compensation of officers and employees* of the State Docks Commission, unlawfully attempt to exercise a power, alleged by appellee to be expressly conferred (by the people in the adoption of the amendment) upon this state agency to be and created by the Legislature? We hold it is within legislative competency (and the Twelfth Amendment to the Constitution) to fix the salaries and compensation under the acts providing for such "*work or improvement* * * * under the management and control of the state, through its * * * governing agency," as authorized by Amendment 12 to the Constitution. (Italics supplied.)

I am of opinion that section 6 did not apply to the employees of the State Docks Commission who were within the purview of section 1 which fixes the salary of the general manager, etc., as follows: "The salaries of the officers and employees of the State Docks Commission shall be as follows: General Manager $6,000.00. The salary of no other employee shall exceed $3,600.00." Thus was left with the commission the right to fix the compensation of such subordinate officers and employees not to exceed $3,600. As appellee's counsel aptly insist, the Legislature knew that the Docks Commission engaged its employees by contract, the amounts thereof were necessarily fixed "upon a competitive basis" which must vary according to time and circumstances in such unusual public business operations of the state. This left the commission with the discretion to fix salaries and wages of employees by contract as theretofore, with the proviso that "*no other employee* shall exceed $3600.00." Such con-

struction would not interfere with the payment of such other employees in manner as has been done by the commission.

GARDNER, J., concurs in the foregoing view.

In this last-stated view my brothers, ANDERSON, C. J., BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., do not agree, they being of the opinion that section 6 does apply to all other employees who are paid monthly salaries, except the general manager whose salary is fixed by the act; and that section 6 does not apply to day laborers.

We construe the petition as challenging the validity of the above-noted act solely upon the ground that it violates the constitutional provisions known as the Port Amendment to the Constitution, which we have here determined adversely to petitioner, and the decision is rested upon this ground alone.

The judgment of the circuit court is reversed, and the petition is dismissed.

BROWN, Justice (concurring specially).

The only question presented by this appeal is whether or not the act entitled "An Act to fix, limit or regulate the salaries and compensation of certain officers and employees of the State or any department thereof; to provide how the same shall be payable; and to provide for the repeal of all laws or parts of laws in conflict with the provisions of this Act; and to provide when the provisions of this Act shall become effective," approved April 14, 1933, violates section 93 of the Constitution as amended by Amendment 12?

The pertinent provision of that section reads: "* * * *when authorized by appropriate laws passed by the Legislature* the state may at a cost of not exceeding ten million dollars engage in the work of internal improvement, or promoting, developing, constructing, *maintaining, and operating* all harbors and seaports within the state or its jurisdiction, *provided, that such work or improvement shall always be and remain under the management and control of the state, through its State Harbor Commission, or other governing agency.*" (Italics supplied.)

The contention is that the last-quoted proviso is a limitation on the power of the Legislature to interfere in the operation of the business of the Harbor Commission at Mobile, by the fixation of a maximum and a minimum salary for the officers and employees of the Harbor Commission, and, therefore, that the act in question contravenes said constitutional provision.

The constitutional provision clearly recognized in the Legislature the power and authority to create a "State Harbor Commission or other governing agency," and to prescribe the powers of such agency, to the end that the management and control should be retained and continue to reside in the state.

The effect of section 1 of the act, as it relates to the control of the operation of the state's properties and business, was to fix the salary of the "General Manager" selected by the Harbor Commission at $6,000, and to fix a maximum salary of $3,600 per annum for other employees; and section 6 of the act declares that: "The maximum annual salary or compensation which may be paid to any officer or employee of any department, board, or commission of the State, *whose salary* or compensation is not hereinabove fixed, shall not *exceed*, seventy per cent of twelve times the salary paid such officer or employee for the month of September, 1932; provided, however, that nothing in this act shall authorize the reduction of any compensation or salary *below twelve hundred dollars per annum.*"

Taking the two provisions together, they are but a limitation on the power of the Harbor Commission in the fixation of the salaries and compensation of employees, other than the general manager, by fixing a major maximum, and second by fixing a subsidiary maximum graduated according to the monthly salaries of the employees as of September 1, 1932, and a minimum of not less than $100 per month.

This last maximum, of necessity, only applies to employees who were receiving a salary exceeding $100 per month on September 1, 1932, and not to day laborers, or casual employees not regularly engaged at work.

Our judgment is that the act does not violate said quoted provision of the Constitution.

It is suggested in brief that the act violates section 45 of the Constitution. This question was not raised on the trial, and we pretermit consideration of that question. Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432.

ANDERSON, C. J., and BOULDIN, FOSTER, and KNIGHT, JJ., concur in the foregoing opinion of BROWN, J.