77 So.2d 343

**Josephine Hardeman CLEVELAND**

**v.**

**Willie Lee CLEVELAND.**

**6 Div. 790.**

Supreme Court of Alabama.

Jan. 13, 1955.

Lipscomb, Brobston, Jones & Brobston, W. E. Brobston, Bessemer, for appellant.

McEniry, McEniry & McEniry, Bessemer, for appellee.

92

## PER CURIAM.

This is an appeal from a decree of the circuit court, in equity, sustaining a demurrer to an original bill filed in that court.

 The bill is in the nature of a bill of review, as authorized by Equity Rule 66, Code 1940, Tit. 7, Appendix. It was filed more than thirty days after a final judgment by default was rendered. It is based upon an alleged accident or mistake such as is mentioned in the four months statute, section 279, Title 7, Code, or that the complaint does not state a cause of action. As to the latter claim, we observe that if the complaint does not state a cause of action, the judgment is void on its face and a bill in equity will not lie to expunge it, but only a motion in the court which ordered it and that without limit of time. Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782.

As to the other aspect, we find that the bill in substance alleges the following facts, omitting unimportant details and the allegations asserting a meritorious defense. The summons and complaint was served December 21, 1953. At that time complainant was under arrest by order of the United States court (it does not say in jail), and being unlearned she believed that it was in connection with the proceeding in that court of a charge for an improper use of the mail. She did not turn the summons over to an attorney or attempt to make an appearance until more than thirty days after a default was rendered on January 25, 1954. A jury had been demanded by plaintiff. There was a writ of inquiry to a jury which was heard on April 22, 1954, without any sort of notice to defendant. This was not done at a regular call of civil cases for jury trial, nor was there a setting of it for such trial as it is alleged should have been done under section 249, Title 7, Code. The case was not called for trial on the writ during the week in which civil cases were tried nor was it heard before the judge assigned to preside over civil cases, but it was heard during a week in which criminal cases were set for trial and before the judge assigned to preside over criminal cases. That under the prevailing custom and rules of the court the clerk made up a list of civil cases and the day set to try each of them, *including default judgments* where a writ of inquiry was to be tried by a jury: this was done in advance and published. It is further alleged that this custom was well known and relied on by attorneys for complainant. The clerk made up a list of such cases set for the week beginning April 19, 1954, a

copy of which was attached to the bill. Said list showed only criminal cases. Plaintiff's counsel presented to the judge assigned to preside over criminal cases the docket sheet on said cause and requested that the writ of inquiry be submitted to the jury summoned for the trial of criminal cases during that week. (Such judge had that power—section 161, Title 13, Code.) That neither complainant nor her attorney had notice of the proposal to execute the writ of inquiry at that time, and only heard of it when she was being served with a writ of execution on June 21, 1954; that she was prevented from making her defense without her fault or that of her attorney as a proximate consequence of surprise, accident or mistake.

The bill alleges that when complainant's counsel was informed of the suit, which was more than thirty days after the default judgment had been rendered against her, he advised her that, in view of the fact that a jury demand had been made by the plaintiff in that suit, it would have to be tried before a jury in the civil court and that she would have an opportunity then to resist a claim for damages before a jury impaneled in the civil court, and that he would follow the civil docket and advise her when it was to be submitted to a jury. That her attorney did in fact rely upon the published docket with respect to the setting of the civil cases and made no further inquiry in regard to it, and that her counsel was present at each call of the civil calendar of the Bessemer division of the court, where the case was pending and it was not called for trial within his knowledge, nor was there a published notice given as to the time when it was set for trial.

The bill prayed that the default judgment and final judgment be set aside and complainant be permitted to file a plea to the complaint or, in the alternative, that the final judgment be set aside and that complainant and her counsel be permitted to appear on the execution of the writ of inquiry of the damages before a jury, as provided by law, and for other incidental relief.

■ With respect to that aspect of the bill which seeks to set aside the default, we find nothing in the bill which relieved complainant of the duty to appear, plead or demur to the complaint within the thirty days provided by law. We note in this connection that the default was an interlocutory judgment. Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Ewart v. Cunningham, 219 Ala. 399, 122 So. 359; Ex parte Haisten, 227 Ala. 183, 149 So. 213. The power remained in the court rendering the default judgment to set it aside at any time before the writ of inquiry was executed, the amount of damages ascertained and a final judgment rendered, even though the thirty day period had expired after the default was entered. Ex parte Bozeman, supra; Ex parte King, 230 Ala. 529, 162 So. 275; Scott v. Leigeber, 245 Ala. 583(2), 18 So.2d 275; 31 Am.Jur. 275, section 728; 49 C.J.S., Judgments, § 333, page 608, note 41. The defendant made no such motion.

We think in view of that situation, the bill is not sufficient to establish a right to set aside the default judgment. Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

The next question is a more serious one, that is, whether the facts alleged in the bill are sufficient to excuse complainant in not letting the court know whether it was desirous to be heard on the execution of the writ of inquiry. In order to determine that question it is necessary for us to examine the statutes which seem to have application.

■ Section 248, Title 7, Code, authorizes a default judgment to be rendered by the court on motion of plaintiff when the defendant has failed to appear, answer or demur to the complaint within thirty days after the summons and complaint is served on him. It is also provided that the court may by rule prescribe the time and manner of calling cases for judgment by default. There is no evidence of such a rule having been made by that court. In the absence of such a rule, it is available for plaintiff's counsel to obtain a judgment by default at any time after the expiration of thirty days from the service of the summons and complaint without further notice to the defend-

ant, and to do so it is not necessary, without a rule to that effect, to have such case regularly called. Section 163, Title 13, Code, does not provide otherwise.

■ Under section 161, Title 13, Code, any of the judges of the Circuit Court of Jefferson County, Bessemer Division, has jurisdiction and power to render such a judgment. Section 6, Local Act approved August 18, 1919, Local Acts 1919, page 62. When a jury has been demanded by plaintiff upon filing the complaint, although the damages are uncertain and unliquidated, by an amendment to section 260, Title 7 (pocket part) Code, the plaintiff may withdraw his demand for a jury and execute the writ without a jury. See, also, sections 379 and 590, Title 7. Notice is not necessary to be given to the defendant of the time when the writ of inquiry will be executed, with or without a jury. Christian & Craft Co. v. Coleman, 125 Ala. 158(2), 27 So. 786.

Section 249, Title 7, Code, requires a setting of causes on the trial docket for a particular day at least twenty days before the day set for trial and further provides that "no cause in which the defendant has pleaded or demurred can be called for trial before the day for which it is set, except by consent". It also provides for notice to be given of such setting to attorneys of record who reside outside of that county. No other notice is required of such setting.

■ It is the duty of the parties duly served with summons and complaint to keep account of their cases, know their status and ascertain for themselves when the same will be tried. Hanover Fire Ins. Co. v. State, 228 Ala. 677, 154 So. 816; Ex parte Cox, 253 Ala. 647, 46 So.2d 417. This is usually delegated to an attorney.

■ Complainant's right to relief here sought in respect to the jury verdict, depends upon an exercise of due diligence to ascertain when the writ of inquiry would be submitted to the jury so as to be present and contest the same if she desired to do so. The bill alleges that her counsel informed her, as we have stated, that he would follow the civil docket and apprise her when the writ of inquiry would be executed. The bill does not allege that he moved to set aside the default before the final judgment or entered an appearance or communicated with the clerk or with either of the judges of the court and advised them of his desire to be present at the time the writ would be executed and to make a contest before the jury, or that he made any effort whatsoever to ascertain when the trial could be had. He seems to have relied solely upon the principle set forth in the case of Williams v. Tyler, 14 Ala.App. 591, 71 So. 51, as to which this Court denied certiorari, and contends that the facts which we have summarized in this opinion and which are alleged in the bill justify him in acting upon the assumption that when this writ of inquiry should be set for hearing and trial before a jury notice of that fact would be published and that it would be heard during a call of the civil cases of the court and by the judge to whom there was assigned the duty to try civil cases; for that it was the universal custom and practice for many years when writs of inquiry to ascertain damages in civil cases are to be executed before a jury, such cases are set for hearing as any other civil case on the civil court docket, notice of which is published in advance. The case of Williams v. Tyler, supra, is somewhat in point in respect to that situation, but it seems to us the differences are fundamental. In the instant case defendant's counsel are conclusively presumed to know that it is not necessary to set down for hearing a writ of inquiry before a jury for any certain day when it should be heard as in other civil cases under section 249, Title 7, Code; also that defendant having had notice of the summons and complaint, under the law no further notice is necessary to be given with respect to such a hearing, and that it is his duty to make inquiry and find out when there is to be a hearing of it, if he wishes to be heard.

■ The foregoing discussion leads to the conclusion that complainant, should not be excused for the failure to exercise that diligence required by law in order to be heard on the writ of inquiry before the

jury, and therefore the bill of complaint is subject to the demurrer which was interposed to it and the trial court correctly sustained that demurrer.

The decree should be affirmed.

The foregoing opinion was prepared .by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.