83 So.2d 281

**Josephine Hardeman CLEVELAND**

v.

**Willie Lee CLEVELAND.**

**6 Div. 900.**

Supreme Court of Alabama.

Nov. 10, 1955.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

STAKELY, Justice.

This is the second time that the controversy here involved has been before this court. The former case which is reported as Cleveland v. Cleveland, 262 Ala. 90, 77 So.2d 343, 345, was an appeal from a decree in equity denying relief to the appellant. In the first case to which we have referred there was an effort by a bill in the nature of a bill of review to set aside a judgment by default rendered in favor of Willie Lee Cleveland against Josephine Hardeman Cleveland. In the foregoing case this court held that the bill of complaint was subject to demurrer and affirmed the decree of the lower court. In the foregoing case, however, this court said:

"If the complaint does not state a cause of action the judgment is void on its face and a bill in equity will not lie to expunge it, but only a motion in the court which ordered it and that without limit of time. Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782."

The appeal in the case at bar is from an order denying appellant's motion to set aside and vacate the judgment by default entered against appellant on April 22, 1954 in the circuit court.

McEniry, McEniry & McEniry, Bessemer, for appellee.

It is the position of the appellant here that the complaint on which the judgment was entered does not state a cause of action and therefore the judgment is void and should be expunged by the court.

We set out the complaint, omitting the style of the cause, on which the judgment was based:

"The plaintiff claims of the defendant Twenty Five Thousand Dollars ($25,000.00) damages for falsely and maliciously writing and mailing thru the U. S. Mail, postage prepaid, certain anonymous letters properly addressed to Thomas Cleveland, the husband of plaintiff, Bessemer, Alabama, on sever-

al and different dates during the year 1952, charging the plaintiff among other things, with illicit relations with other men than her husband, and while living with the said Thomas Cleveland, her husband, with intent to defame the plaintiff:

"Plaintiff avers that defendant, when confronted by U. S. Agents, admitted to and confessed during the month of January, 1953, that she had written said letter with said above charges therein contained, and had mailed the same to the said Thomas Cleveland, the husband of the plaintiff;

"Plaintiff avers that as a proximate result of said false charges plaintiff's husband separated from her on two occasions; that her reputation has been greatly injured and damaged and she has been caused to suffer great mental pain and anguish, all in the sum claimed as aforesaid."

It is correct that if the complaint does not state a cause of action a judgment based thereon is void on its face and a motion to expunge it is the proper remedy and should be filed in the court which rendered the judgment and without limit of time. Cleveland v. Cleveland, 262 Ala. 90, 77 So.2d 343; Murphree v. Bishop, 79 Ala. 404. Furthermore, where the court denies the motion, an appeal is the proper remedy to review the order of the court. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831; Northcutt v. Northcutt, 262 Ala. 98, 77 So.2d 336; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915.

In determining whether the complaint in the instant case states a substantial cause of action, we should consider carefully the difference between a situation where defects in the complaint are pointed out by demurrer and the situation here where the court is asked to set aside a judgment by default on the theory that the judgment is void. So far as we can ascertain the weight of authority, where a complaint for libel is involved, holds that the complaint should set out the particular de-

famatory words as published. There are jurisdictions, however, which hold to the contrary. 53 C.J.S. Libel and Slander, § 164b, pp. 255–256.

In the early case of Hill v. Ward, 13 Ala. 310, it was held that in actions for slander both as it respects the reputation of the party or his title to property, the slanderous words should be set out in the declaration. In Peinhardt v. West, 22 Ala. App. 231, 115 So. 80, the Court of Appeals held that the defamatory words should be set out in the complaint and that it is not sufficient to set out the publication in substance and effect. Contrary to the contention of counsel for the appellee, this court on review of the foregoing decision of the Court of Appeals, 217 Ala. 12, 115 So. 88, did not hold to the contrary, but merely held that the defamatory charge need not be set out in full and it is sufficient if the complaint contains as much as is necessary to show an actionable imputation. 53 C.J. S. Libel and Slander, § 164d, p. 256.

There seems to be no doubt that at common law, 1 Chitty on Pleadings, § 404 it was necessary to set out the defamatory words and the form of the complaint provided in § 223, Form 17, Title 7, Code of 1940, shows that the words of the alleged libel should be set out in haec verba.

In Weir v. Brotherhood of Railroad Trainmen, 221 Ala. 494, 129 So. 267, it is shown that the action of slander in all its varieties is one of peculiar strictness in respect of pleadings. In fact according to this authority there is no other civil action which has been treated so strictly by the courts.

But in all the foregoing authorities and the authorities to which we have been referred the court was dealing with a situation where there was a demurrer to the complaint and the sufficiency of the complaint as against the demurrer was determined. In the case at bar we must consider the force and effect of § 570, Title 7, Code of 1940, which reads as follows:

"No judgment can be arrested, annulled or set aside, for any matter not

previously objected to, if the complaint contain a substantial cause of action."

In Hershey Chocolate Co. v. Yates, 196 Ala. 657, 72 So. 260, it is shown that the object and purpose of the foregoing statute was to prevent the arrest or reversal of judgments as for mere defects in the form of the declaration and to uphold the judgment when such defects were complained of after verdict and judgment.

In Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 So. 98, it was pointed out that the strict rule to be indulged against a pleader on demurrer, is not applicable when the sufficiency of the complaint is questioned by a general attack upon the judgment. And in the latter instance all doubts and intendments should be resolved in favor of, rather than against, the sufficiency of the complaint.

In Hall v. First Bank of Crossville, 196 Ala. 627, 72 So. 171, 174, in referring to § 4143 of the code then in effect, which is now § 570, Title 7, Code of 1940, the court said:

"*  *  * 'In other words, the court in construing the averments of the complaint in this case must adopt a liberal construction, and if, by treating all amendable defects as amended, it appears from the facts stated, whether well or illy pleaded, a substantial cause of action is stated, then it is sufficient to sustain the judgment.'"

Our search has failed to find an authority where a judgment in a libel suit was attacked on a motion to set aside the judgment because the complaint on which the judgment was based did not state a substantial cause of action. It is our view that while the cases require strictness in ruling on the demurrer to the complaint, they call for liberality in treating the sufficiency of the complaint on a motion to set aside the judgment where it is contended that the complaint does not state a cause of action. It is true that the complaint in the case at bar does not set forth the language of the alleged libel, but the complaint does charge the substance of the al-leged libel. It shows that the letter charged the plaintiff, among other things, with illicit relations with other men than her husband and while living with her husband. There can be no doubt that this is a charge of want of chastity on the part of a woman, which is libelous per se. § 912, Title 7, Code of 1940; Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171. We accordingly do not think that under the provisions of § 570, Title 7, Code of 1940, to which we have referred, the judgment should be set aside.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.