91 So.2d 820

**Dimmis W. RILEY**

v.

**Shuford B. SMYER, as Guardian.**

**6 Div. 59.**

Supreme Court of Alabama.

Nov. 29, 1956.

Rehearing Denied Jan. 17, 1957.

J. P. Mudd, Birmingham, for appellant.

478

Smyer, Smyer, White & Hawkins, Birmingham, for appellee.

· MERRILL, Justice.

This cause was initiated by a petition in the Probate Court of Jefferson County by a daughter of Mrs. Grace H. Wilkinson, deceased, seeking to have five alleged void decrees previously rendered by said probate court vacated, annulled, and expunged. These decrees consisted of one of August 19, 1942, adjudging Mrs. Wilkinson to be a person of unsound mind, a decree of August 19, 1942, granting letters of guardianship to Shuford B. Smyer over the estate of Mrs. Wilkinson and appointing him as her guardian, and three decrees, dated April 19, 1949, March 17, 1953, and August 23, 1955, by which the probate court allowed and approved the reports of the guardian for partial settlement of his accounts as such guardian.

The petition alleges that the petitioner's mother, Grace H. Wilkinson, died intestate on October 13, 1955, while a resident of Jefferson County leaving surviving her as her sole heirs and next of kin four children, and that she also left a solvent estate estimated to exceed $25,000 free of all debts.

It also alleged that on March 14, 1942, Edward Wilkinson, Jr., filed in the Pro-

bate Court of Jefferson County a petition seeking an inquisition to determine the competence of his mother, the said Grace H. Wilkinson. On the same day the probate court entered an order setting the petition down for hearing and appointed Hon. Ingram Beasley guardian ad litem, and also on that date the said Beasley filed an acceptance of the appointment and denied all the allegations contained in the lunacy application. No process or notice of any sort appears from the record to have been issued to Mrs. Grace H. Wilkinson.

On August 19, 1942, the probate court entered its decree adjudging Mrs. Wilkinson to be a person of unsound mind and on the same day the appellee, Shuford B. Smyer, filed a verified petition with the probate court seeking to have himself appointed as guardian of her estate, and still on the same day the court granted Smyer's petition and letters of guardianship were issued to him.

■ The petitioner claims that the decree adjudging Mrs. Wilkinson incompetent is void and coram non judice for reasons which will be hereafter discussed. It follows that if the lunacy proceedings were void the subsequent appointment of the guardian is likewise of no effect.

The probate court sustained a demurrer to the petition and petitioner appeals.

■ There seems to be no question as to the right of the appellant to seek the relief prayed for in her petition since she is an heir and is interested in her mother's solvent estate. See Moody v. Bibb, 50 Ala. 245. There is also no question as to petitioner's choice of a correct method to attack the decrees in question. When a judgment or decree is void on its face the proceedings to vacate and annul it should be brought in the court which rendered the void decree by motion or petition, and not in a court of equity by an independent bill; and there is no limit of time for bringing such action. Cleveland v. Cleveland, 263 Ala. 530, 83 So.2d 281; Cleveland v. Cleve-

land, 262 Ala. 90, 77 So.2d 343; Vaughan v. Vaughan, 262 Ala. 20, 76 So.2d 157; Robinson Co. v. Beck, 261 Ala. 531, 74 So. 2d 915; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. A judgment of that court denying the motion or petition will support an appeal. Authorities, supra.

■ The appellant insists that the original lunacy petition failed to allege facts which would give jurisdiction to the probate court and that the decree on the petition is void for that and other reasons. It is settled that in proceedings to declare a person non compos mentis, a probate court acts as a court of limited and special jurisdiction. Patterson v. Downs, 255 Ala. 197, 50 So.2d 408. In such case the jurisdictional facts must affirmatively appear from the face of the record. Patterson v. Downs, supra; Merchants Nat. Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240; Fowler v. Fowler, 219 Ala. 453, 122 So. 440; Crimm v. Crimm, 211 Ala. 13, 99 So. 301; Ex parte Griffith, 209 Ala. 158, 95 So. 551; and Martin v. Martin, 173 Ala. 106, 55 So. 632.

The original lunacy petition, omitting the heading and affidavit, reads:

"Your petitioner, Edward Wilkinson, Jr., represents unto Your Honor:

"1. That he is a resident of the State of Alabama and is over the age of twenty-one years.

"2. That petitioner is the son of Grace H. Wilkinson, a widow, of the age of to-wit 73 years.

"3. That Grace H. Wilkinson is a resident of Jefferson County, Alabama.

"4. That Grace H. Wilkinson is at the present time confined in a hospital or institution for treatment of mental diseases, known or called, 'Dr. Dawson Allen's Invalid Home, Milledgeville, Georgia.'

"5. That Grace H. Wilkinson, at this time is, in the opinion of affiant, a non com-

pos mentis, and unable to manage her affairs.

"6. That Grace H. Wilkinson is the owner of personal property in Jefferson County, Alabama, of present estimate, worth approximately Eighty Five Hundred Dollars including insurance and is also the owner of real estate situate in this County, of the value of, to wit, $6500.00.

"7. Petitioner prays that this Court will, under the power and authority vested in it, hold an inquisition of lunacy, without a jury (unless a jury be demanded as is by law provided), of and concerning said Grace H. Wilkinson, and to that end, will appoint a guardian ad litem to represent and defend Grace H. Wilkinson, said alleged non compos mentis, in said inquisition.

"8. Petitioner alleges that Grace H. Wilkinson has no legal guardian or next friend to represent and defend her.

"Wherefore, petitioner prays that the Court will set a day certain, not less than ten days after the filing of this petition, for the trial of such inquisition, and will, on said date, hear and determine the inquisition without a jury, unless a jury has been demanded before the day set for the trial of such inquisition.

"/s/ Edward Wilkinson, Jr."

Appellant contends that one jurisdictional defect in the petition is that it does not contain an allegation that Mrs. Wilkinson had "property" in Jefferson County "requiring the care of a guardian", as required by Tit. 21, § 9, which reads:

"The court of probate has authority, and it is a duty, to appoint guardians for persons of unsound mind residing in the county, having an estate, real or personal, and of persons of unsound mind residing without the state, having within the county property requiring the care of a guardian, under the limitations, and in the mode hereinafter prescribed."

This contention is unavailing because the phrase in the section "property requiring the care of a guardian" applies only to persons of unsound mind residing without the state and the lunacy petition shows that Mrs. Wilkinson was a resident of this state. Appellant urges that the allegation in paragraph 5 of the lunacy petition that Mrs. Wilkinson was "unable to manage her affairs" is not equivalent to an allegation that the incompetent has property which requires the care of a guardian. As already pointed out, that allegation is not necessary in this cause; furthermore, a much shorter and briefer petition containing the allegation that the alleged incompetent was " 'of unsound mind, and incapable of governing herself, or of conducting and managing her affairs' " was held to confer jurisdiction on the probate court in Craft v. Simon, 118 Ala. 625, 24 So. 380, 381.

Appellant next contends that the court's decree adjudging Mrs. Wilkinson to be of unsound mind is void on its face because it does not recite the jurisdictional facts stated in the petition to show that the court acquired jurisdiction, and that there was no general finding that the material allegations of the lunacy petition were true. The probate court did recite most of the allegations of the petition when it appointed the guardian ad litem and set the cause down for hearing. The decree on the hearing, after noting that it was on the petition heretofore set out and that the appointed guardian ad litem was present denying the allegations and demanding proof of same, continued:

"And now, after hearing the evidence and argument of counsel, the Court is of the opinion that said Mrs. Grace H. Wilkinson is a person of unsound mind, it is therefore,

"Ordered, adjudged and decreed by the Court that Mrs. Grace H. Wilkinson be and she is hereby declared to be of unsound mind, and that said petition and all other papers on file relating to this proceeding, be recorded."

Jurisdiction was dependent wholly and exclusively upon the allegations of the petition. We have already held that the petition was sufficient to invoke the jurisdiction of the probate court. While the decree would have been more formal if it had affirmed the fact that Mrs. Wilkinson was a resident of Jefferson County, that she owned personal property in the county, and that she was confined in a hospital or institution for the treatment of mental diseases, the omission of the affirmation does not affect the regularity or validity of the decree. The decree in Craft v. Simon, supra, was no more complete than the decree in the instant case and in answer to the same objection as here, the court said:

"Jurisdiction having attached, the failure of the decree to ascertain that the jurisdictional facts had been proven would not affect the validity of the decree. Pollard v. [American Freehold Land] Mortgage Co., 103 Ala. 289, 16 So. 801, and authorities cited. Errors and irregularities must be corrected by direct appeal or writ of *certiorari*. Any other view would greatly embarrass guardians appointed by the court in such cases, and deter purchasers at sales, though ordered by the court, and would not be reconcilable with well-settled principles applying in cases in which there does not seem to be any valid reasons for a distinction."

We cannot agree with appellant's contentions that the lunacy petition or the decree adjudging Mrs. Wilkinson to be of unsound mind show on their face that either is void.

At this juncture we point out that this is not a case where it is contended that the alleged non compos mentis was in fact not insane. The petition does not charge that Mrs. Wilkinson was not non compos mentis, and the original petition in the lunacy proceeding alleged that she was of unsound mind, and that petition was verified. Furthermore, the decree of the pro-

bate court is not contested in that respect. Therefore, it must be conceded that she was so afflicted, and it seems to be so considered by the appellant in this cause. It also must be conceded that there has been no question as to the appointment of Mr. Smyer as guardian from the date of his appointment in August, 1942 until the filing of the petition in the instant case on March 22, 1956, nearly fourteen years after his appointment.

Appellant's next contention is that the proceedings are void because the record shows that Mrs. Wilkinson had no notice of the original lunacy petition of her son or of any subsequent proceedings in the matter. The answer to this contention is Tit. 21, § 15, Code of Alabama 1940, which reads:

"If the person alleged to be of unsound mind is a resident of the county, and is at the time of the application confined in a hospital or asylum within or without the state, inquisition may be had and taken without notice to him; but on the filing of the application, the court must appoint a guardian ad litem to represent and defend for him; it is the duty of such guardian by answer to put in issue the facts stated in the application, and to employ counsel at the expense of such person of unsound mind to appear and defend."

The court did appoint a guardian ad litem to represent and defend for Mrs. Wilkinson and he put in issue the facts stated in the application, and we judicially know that the guardian ad litem was a competent attorney.

Appellant suggests in brief the unconstitutionality of § 15, supra. This section was first codified in the Code of 1876 and, beginning with the Code of 1886, it has appeared in each subsequent Code in identical language. The question of its constitutionality has not been decided by this court. The rule is that the constitu-

tionality of a statute will not be decided in this court when the question was not presented in the lower court but was raised for the first time in a brief in this court. Coleman v. Mange, 238 Ala. 141, 189 So. 749; Donaghey v. Owen, 259 Ala. 376, 66 So.2d 895; State Docks Commission v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345; and Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432. In the instant case appellant's petition nowhere mentions § 15 of Tit. 21 and nowhere suggests the unconstitutionality of any statute. Therefore, since the record discloses no question of the constitutionality of § 15, Tit. 21 in the lower court and is mentioned in brief here for the first time, we pretermit any consideration of that question.

 The probate court has authority and it is a duty to appoint a guardian for a person of unsound mind after the person alleged to be of unsound mind has been so adjudged, §§ 9 and 10, Tit. 21, Code of Alabama 1940. In the matter of appointing guardians and settling guardians' accounts the probate court is a court of general jurisdiction. Tit. 13, § 278, Code 1940; Patterson v. Downs, 255 Ala. 197, 50 So. 2d 408; Fowler v. Fowler, 219 Ala. 453, 122 So. 440. It follows that the probate court was merely performing its duty in appointing the guardian after the legal determination of the lunacy inquisition in favor of the petitioner in that proceeding.

Appellant cites authority to the effect that where a decree adjudging one to be insane is void, the subsequent appointment of a general guardian and of proceedings had by such guardian, including partial settlements, are likewise void. We do not disaffirm the principle or the authorities therefor, but the principle is conditioned upon the decree being void. Having held that the decree in the instant case is not void, it is sufficient to say that the subsequent proceedings in the guardianship, including the partial settlements, are not void and are not subject to being set aside as invalid for the reasons set forth in appel-

lant's petition. We have not treated all questions discussed in brief but we have treated all questions appropriate to the one assignment of error that the trial court erred in rendering its decree of June 7, 1956, sustaining demurrers to and dismissing the appellant's petition.

It follows that the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.