BEATTY, Justice
(dissenting).
I dissent because I believe the majority of this Court has substituted its philosophy of power for the clear language of the Alabama Constitution which, I believe, should remain the supreme law of our state.
A literal application of Rule 13 would authorize the action presently objected to:
Rule 13.
TEMPORARY ASSIGNMENT OF JUDGES
The presiding circuit judge may temporarily assign circuit or district court judges to serve either in the circuit or district courts within the circuit, (emphasis added).
That rule, however, must find its sanction in our Constitution and its implementing legislation.
The Constitution of 1901, § 150, as amended, and ratified on December 27, 1973, gave this Court the power to “make and promulgate rules governing the administration of all courts . . . .” The only limitation upon those rules is that they “shall not abridge, enlarge or modify the *1149 substantive right of any party nor affect the jurisdiction of circuit and district courts” or venue, or jury trial. The assignment of Judge Sweeney is not offensive to any of these limitations. While the relators argue that they have a substantive right to a “properly constituted officer” administering this part of the criminal justice system, the dimensions of that right are not defined for us. It can hardly be argued that the jurisdiction of either the circuit or district court of Mobile County is affected by the transfer of a judge from one to the other. The powers of both courts remain the same, as does the venue of causes in either. And it would appear that the answer to the question which deals with the nature of the relators’ substantive right depends upon what is meant by the constitutional grant of rule-making power governing “administration of all courts.”
When this Court adopts a rule governing “administration,” it does not purport to engage in any judicial determination of any cause, but only to deal with the practical management of those executive responsibilities and functions which are required in the oversight of the courts. See Greene v. Wheeler, 29 F.2d 468 (1928). Whether Section 150, standing alone, would permit the assignment of judges from one court to another as an “administrative function” vested in this Court is not the issue in this case, because Section 150 is preceded by Section 149 which specifically refers to assignments:
Sec. 149. Administration. The chief justice of the supreme court shall be the administrative head of the judicial system. He shall appoint an administrative director of courts and other needed personnel to assist him with his administrative tasks. The chief justice may assign appellate justices and judges to any appellate court for temporary service and trial judges, supernumerary justices and judges, and retired trial judges and retired appellate judges for temporary service in any court. Adequate and reasonable financing for the entire unified judicial system shall be provided. Adequate and reasonable appropriations shall be made by the legislature for the entire unified judicial system, exclusive of probate courts and municipal courts. The legislature shall receive recommendations for appropriations for the trial courts from the administrative director of courts and for the appellate courts from each such court.
It is worthy of particular note that the power to make rules of administration is given to the Supreme Court under Section 150, and this power may be reasonably interpreted to allow the Supreme Court to make rules for the assignment of judges. However, Section 149 explicitly places the power of assignment of “trial judges . for temporary service in any court” in the chief justice. If this power had been considered as a residual to the power to make rules of administration under Section 150, there would have been no need for our constitutional framers to have specified, as they did, that the chief justice have the power to make such appointments.
In construing the Constitution it is our duty to regard the whole instrument and to harmonize the various provisions, giving effect to them if possible. State Docks Commissioner v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345 (1933); and if there is any conflict, or apparent conflict, in its provisions, the more specific provisions prevail over more general provisions on the same subject. State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404 (1939). Consistent with this rule of interpretation, it follows that the Constitution, Section 149, places the matter of the temporary assignment of judges in the hands of the chief justice. That officer may be guided on the subject of assignments by a rule of administration adopted by the Supreme Court of which he is, of course, a member and in the promulgation of which he may participate. But the power of temporary assignments having been placed specifically in his hands by the Constitution, certainly the Supreme Court as a body cannot place it in the hands of another judicial officer, such as the presiding judge of a judicial circuit.
*1150 When the legislature implemented these constitutional provisions, among the statutes enacted were three sections dealing particularly with the duties of judges, viz.
Title 13A, § 6-115, Alabama Code (1975 Interim Supp.):
The supreme court may, by rules of court, establish additional duties for judges either within or without the geographical boundaries of the court of the judge, when such is, in the opinion of a majority of the court, necessary to properly serve the administration of justice.
and Title 13A, § 6-118, amended by Act No. 388, Reg.Sess. of 1976:
In those districts having more than one district court judge the presiding circuit court judge may designate from time to time a district court judge who shall have the same powers and authority as a circuit judge to handle all cases involving domestic relations, divorce, annulments of marriage, custody and support of children, granting and enforcement of alimony, proceedings under the Reciprocal Nonsupport Act and all other domestic and marital matters over which the circuit court has jurisdiction as well as all laws pertaining to juvenile and nonsupport cases arising in the county under Title 34 of the 1940 Code of Alabama and shall serve as an ex officio circuit judge when handling such cases, regardless of any provisions contained in this Act or any other laws to the contrary,
and Title 13, § 172:
The presiding circuit judge shall exercise a general supervision of the judges, clerks, registers, court reporters, bailiffs and sheriffs, and other court employees of the circuit and district courts within the circuit except employees of the clerk, and see that they attend strictly to the prompt, diligent, discharge of their duty.
Section 6-115 itself does not describe the “additional duties” which the Supreme Court may establish for judges. But since judges functionally perform duties involving the exercise of judicial authority, including the exercise of judgment or discretion in judicial proceedings, this statute falls clearly within the authority of the Supreme Court to make rules governing “the administration of all courts” under Section 150 of the Constitution. We are not persuaded that such rules are restricted to the “collection ... of information,” etc. as denoted in Tit. 13A, § 6-105. That statute considers such information as “within the scope” of the authority to make rules, but not to be the scope of our authority on that subject. This statute, however, refers only to an enlargement of duties, not to the assignment of judges to perform those duties.
Section 6-118 is more restrictive in its language. While it grants to the presiding circuit court judge the power to designate one district court judge from several in his district to “handle” specified types of cases, nowhere in that section is the power in question granted.
Under Section 172, the general superintendency over the judicial officers and employees of his circuit to see that they discharge their [normal] duties hardly comports with a power in the presiding circuit judge to reassign them.
Accordingly, any such appointive authority must come, not from that statute, but from the constitutional provisions of rule-making and assignment.
Section 149 of the Constitution obviously gives the chief justice, and no other, the power to make temporary appointments of judges as the administration of justice requires, and this includes the power to temporarily appoint a district court judge as an ex officio circuit court judge to preside over a criminal case. That power having been specifically vested in the chief justice, Rule 13, adopted by the Supreme Court as a whole, is constitutionally impermissible. Whether this aberrant provision would affect the power of this Court to provide by rule for a permanent enlargement of the duties of a district judge, such as those *1151 involved here, by his presiding circuit judge we do not decide. We point out, however, that a literal reading of Tit. 13A, § 6-118, indicates a legislative intent contrary to any such authority. Statutory enumeration of things upon which it is to operate excludes all things not expressly mentioned. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973).
Because the rule of this Court, upon which the appointment of Judge Sweeney is based, is not sanctioned by Section 150 of the Constitution in view of the express grant of authority on the subject contained in Section 149, this case should be reversed and judgment rendered for the relators. In short, the framers of this rule made a mistake, and when it adopted the rule, this Court made a mistake. The Court ought to admit its mistake and abide by the Constitution’s direction.
MADDOX, J., concurs.